Young v. The adm'rs of McLemore.

YOUNG v. THE ADM'RS OF MCLEMORE.

1. The oath which the act of 23d December, 1837, to obtain the testimony of a party to the suit, requires to be made of the materiality of the testimony sought to be obtained, may be made by a stranger to the suit, and therefore sufficient if made by the attorney of the party.

2. The failure of the defendant to answer interrogatories thus filed, would authorize a judgment by default against him, and be an admission that the plaintiff was entitled to some damages; but judgment final could not be rendered without the intervention of a jury, except for nominal damages, in a case where the clerk could not compute the damages.

Error to the Circuit Court of Tallapoosa.

THIS was an action of *assumpsit*, commenced in the Court below, by the intestate of the defendants in error, against the plaintiff in error. Whilst the cause was pending, the plaintiff filed interrogatories, under the act passed in 1837, to provide more effectually for discoveries in suits at common law, which the defendant was called on to answer. The plaintiff's attorney having made affidavit that the evidence of the defendant was material to the trial of the cause, the Court, on motion, made an order that the defendant file his answer to the interrogatories, within sixty days.

At a succeeding term of the Court, the following judgment was rendered. "This day came the parties, by their attornies, and it appearing to the Court, that interrogatories were filed for the defendant to answer, which he failed to do, therefore it is considered by the Court that the plaintiff recover of the defendant, the sum of ———— dollars, the damages in the declaration mentioned, together with the costs in this behalf expended, &c.

From this judgment, this writ of error is prosecuted, and the following errors assigned:

1. The Court erred in rendering judgment by default final, without the intervention of a jury.

2. The oath establishing the materiality of the interrogatories, should have been made by the plaintiff.

T. CLAY, for plaintiff in error.
HEYDENFELDT, contra.

ORMOND, J.—The questions of law, arising in this case, grow out of a statute passed 23d December, 1837, the design of which, was to supersede the necessity of resorting to chancery, to obtain a discovery of facts, resting in the knowledge of a party to the suit. The act requires the Court to be satisfied of the materiality of the testimony sought to be obtained by " the oath of the party filing the same or *otherwise*," and it would be strange, if greater credence should be given to the oath of an interested party, than to that of an unbiased witness. It might indeed be questioned, whether any oath was necessary; but certainly the oath of the attorney of the plaintiff will satisfy the demands of the statute.

The first assignment of error, is well taken. The statute provides, " that if the party to whom such interrogatories shall be propounded, be defendant in the action, it may set aside his plea or pleas and give judgment against him by default." The effect then of the contumacy of the defendant, is precisely the same as if after service of process, he had failed to appear and plead. This would authorise the rendition of a judgment against him by default, and would in such a case as the present, be an admission that the plaintiff was entitled to some damages, the amount of which, could only be ascertained by a jury; and although the plaintiff, in the absence of proof, would be entitled to nominal damages, the damages actually sustained can be ascertained only through the intervention of a jury. The statute which authorises the clerk to compute the damages in certain cases, does not apply to a case like the present. For this error, the judgment must be reversed, and the cause remanded.