## AMASON *vs.* NASH, *et al.*

1. It is erroneous to render judgment by default, before a declaration has been filed.

ERROR to the Circuit Court of Sumter.

REAVIS, for plaintiff in error:

1. The judgment was rendered by default, before a declaration was filed, as appears by the certificate of the clerk, which states that the declaration was filed after the adjournment of the court which rendered the judgment. This certificate is part of the record.—McElroy v. Dwight, 1 Stew. 149.

2. It is error to render judgment by default, before a declaration is filed.—Rankin v. Crowill, Minor, 125; McElroy v. Dwight, 1 Stew. 149; Oliver v. Judge, 2 Stew. 483; Master-

Prince, adm'r, v. Bates.

son v. Beasley, 1 Stew. & Por. 247 ; Evans v. Bridges, 4 Por.
350 ; Wheeler v. Ballard, 6 Por. 358 ; Benson v. Campbell, 6
Por. 455 ; Napper v. Noland, 9 Por. 218 ; Price v. Chevers, 9
Por. 511 ; Ware v. Todd, 1 Ala. 199 ; Wellborn v. Sheppard,
5 Ala. 674 ; Tunstall v. Donald, 15 Ala. 841.   And the error
cannot cannot be cured. by filing a declaration afterwards.—
Rankin v. Crowill, Minor, 125.

DARGAN, C. J.—The authorities cited on the brief of the
plaintiff's counsel conclusively show that a judgment by default
without a declaration is erroneous.  We have in our practice, it
is true, greatly relaxed the stringent rules of the common law;
but we never have sustained a judgment by default, when there
was no declaration.  The record before us shows that at the
time the judgment was rendered, no declaration had been filed,
nor was it filed until after the adjournment of the court.  The
rendition of judgment without a declaration was an error which
the plaintiff could not cure by filing a declaration after the
court adjourned.—See McElroy v. Dwight, 1 Stewart, 149 ;
Rankin v. Crowill, Minor's R. 125.

Let the judgment be reversed, and the cause remanded.