## PENN *vs.* EDWARDS.

42  655
126  266

[ATTACHMENT.]

1. *Attachment.*—The refusal to quash an attachment is not revisable on error.
2. *Same; complaint must be filed.*—The plaintiff in attachment is required (Revised Code, § 2998,) to file a complaint, and it is error to render judgment by default without a complaint.

APPEAL from the Circuit Court of Dekalb.
Tried before HON. W. J. HARRALSON.

THE appellant made affidavit before a justice of the peace, and sued out an attachment against the appellee on the 10th day of October, 1866, returnable to the circuit court. The defendant in this court moved to quash the attachment, but his motion was overruled. At the spring term, 1867, a judgment by default was rendered against the defendant. No complaint was filed in the cause. The defendant appealed, and assigned the following errors : 1st. In rendering judgment against the appellant. 2d. In not quashing the attachment, on motion of appellant. 3d. In rendering judgment by default. 4th. In rendering judgment, no complaint having been filed in the cause.

M. J. TURNLEY, for appellant.

BYRD, J.—I. The action of the court in overruling a motion to quash the attachment, is not reviewable on appeal.—*Reynolds v. Bell*, 3 Ala. 57 ; *Masey v. Walker*, 8 Ala. 167 ; 12 ib. 472 ; *Gill v. Downs*, 26 ib. 670. The act ap-

proved February 23d, 1866, (Pamphlet Acts, 94,) does not aid the appellant.

II. The Code requires the plaintiff in attachment to file a complaint, (§ 2998,) and it is error for the court to render judgment by default without a complaint.—*Amason v. Nash*, 19 Ala. 104.

Reversed and remanded.