# Allen *v.* Lathrop-Hatton Lumber Co.

*Action on Promissory Note, by Payee against Maker.*

1. *Filing interrogatories to party; judgment by default, on failure to answer.*—When interrogatories are propounded to a defendant in a suit at law, and he fails to answer them within sixty days, judgment by default may be entered against him (Code, §§ 2816–20), although he has pleas on file, and has demanded a trial by jury.

2. *Calculation of interest, &c., on judgment by default.*—In an action on a promissory note, judment by default being rendered, the interest may be calculated, and judgment entered for the proper amount, without the intervention of a jury (Code, § 2740); and the case is not taken out of the statute, when the judgment is rendered because of the failure to answer interrogatories.

3. *What is revisable; motion to set aside judgment.*—Overruling a motion to set aside a judgment by default, like the refusal to grant a new trial, is the exercise of a discretionary power, and is not revisable on error or appeal.

Appeal from the City Court of Decatur.

Tried before the Hon. Wm. H. Simpson.

This action was brought by the appellee, suing as a partnership, against James B. Allen, Mrs. Sarah B. Allen, his wife, and Robert L. Allen, as late partners doing business under the firm name of the Southern Lumber Company; and was founded on the defendants' promissory note for $155.35, dated August 16th, 1888, and payable to plaintiff sixty days after date. The action was commenced on the 2d April, 1889, and service was perfected on the defendants on the 9th April. R. L. Allen made no defense. James B. Allen pleaded the general issue, and payment; and these pleas, which were filed on the 25th April, were accompanied with a demand for a trial by jury. On the same day, Mrs. Allen filed the same pleas, and also a special plea of *non est factum*, verified by affidavit, and another plea denying that she ever was a partner in said company; and she demanded a trial by jury. On the 20th May, 1889, the plaintiff filed interrogatories to Mrs. Allen, seeking a discovery as to her interest in or connection with the defendant lumber company, the authority of James B. Allen as its president and superintendent, &c.; and interrogatories seem to have been filed to James B. Allen, though they are not set out in the record. On the 5th August, 1889, the court rendered judgment by default against all of the defendants for $165.18, as the amount due on the note with interest. The

[Allen v. Lathrop-Hatton Lumber Co.]

judgment recites the failure of Robert L. Allen to appear and plead, and the failure of each of the other defendants to answer the interrogatories propounded to them. On a subsequent day of the term, James B. Allen and his wife submitted a motion to vacate and set aside this judgment, which motion was overruled and refused.

The appeal is sued out by Mrs. Allen, and errors are assigned by her only: (1) the judgment by default; (2) the overruling of the motion to set it aside.

BRICKELL & HARRIS, and E. C. EYSTER, for appellant.

E. W. GODBEY, contra.

CLOPTON, J.—The assignments of error relate to the propriety of the judgment by default rendered against appellants, and to overruling their motion to set it aside. The judgment was entered under the provisions of the statutes providing for and regulating the examination of parties by interrogatories. The statutes provide, that either party to a civil suit, his agent or attorney, desiring the testimony of the other party, may file with the clerk interrogatories to be propounded to him, with an affidavit that the answers thereto will be material testimony for him in the cause; the party to whom they are propounded is bound to answer all pertinent interrogatories, unless by the answer he subjects himself to a criminal prosecution; and "if the answers to the interrogatories are not filed within sixty days after service of a copy of the interrogatories, or when the answers are not full, or are evasive, the court may either attach the party, and cause him to answer fully in open court, or continue the cause until full answers are made, or direct a non-suit or judgment by default to be entered."—Code, §§ 2816--2822.

Plaintiff filed with the clerk interrogatories to be propounded to defendants, May 20th, 1889, copies of which were served upon them. Having failed to answer thereto within sixty days after service of copies of the interrogatories, or to file exceptions to them, or to apply for an extension of time in which to answer, the court entered judgment by default against them, August 5th, 1889.

The sections of the Code above referred to had their origin in "An act more effectually to provide for discoveries in suits at common law," enacted in 1837. By the construction placed upon this act in the early cases, the effect of failing to answer the interrogatories within the prescribed time, was precisely the same as if, after service of process, the defendant had failed

[Allen v. Lathrop-Hatton Lumber Co.]

to appear and plead, and authorized setting aside his pleas, and the rendition of a judgment as by default.—*Young v. McLemore*, 3 Ala. 295. By the terms of the act of 1837, the court was authorized to set aside defendant's plea or pleas, and give judgment against him as by default; but these words are omitted from the present statutes, and the words may *direct judgment by default to be entered*, are substituted. With this alteration, and some others not affecting the construction placed upon the act, it has been several times re-enacted. The special alteration mentioned only changes the statute so as to make it strictly conform to the construction previously placed upon the original act, and emphasizes it. The statute authorizes the court to disregard defendants' pleas, without a formal order setting them aside, and enter judgment by default, as if they had not appeared and pleaded. The special demand of a trial by jury, under the act organizing the City Court, does not avoid the consequences of a failure to answer the interrogatories. Such demand can have no other or greater effect than the right to a trial by jury, if the action was pending in the Circuit Court.

The materiality of the testimony is shown by the affidavit filed, and the interrogatories in themselves appear to be pertinent to the issues between the parties. The language of the statute is unambiguous. When the defendant is the party failing to answer, the court may attach him, and cause him to answer fully in open court, or may direct judgment by default to be entered. There being no substantive defect in the affidavit, or the interrogatories, the court was fully empowered to direct the judgment by default to be entered for the failure to answer them.—*Alston v. Graves*, 6 Ala. 174.

When judgment by default is rendered for the plaintiff, in an action founded on any written instrument ascertaining his demand, section 2740 of the Code authorizes the clerk to compute the interest, and enter the judgment, under the direction of the court, without the intervention of a jury. When the action is founded on a promissory note, as is the present, the section is as applicable when judgment by default is rendered because of a failure to answer interrogatories, as when for a failure to appear and plead.

Overruling the motion to set aside the judgment by default, was the exercise of discretionary power, and is no more the subject of revision by this court than would be the refusal to grant a new trial.—*Goodwin v. Harrison*, 6 Ala. 438.

Affirmed.