# Truss *v.* Birmingham, LaGrange and Macon Railroad Co.

*Garnishment on Judgment.*

1. *Appeal does not lie from order setting aside judgment by default.* The act of February 16, 1891, authorizing appeals from the decisions of City and Circuit Courts granting or refusing to grant motions for new trials (Sess. Acts 1890–1, p. 779,) does not authorize an appeal from an order setting a judgment by default; and no appeal lies from such order.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

On the 14th day of December, 1888, the appellant, J. D. Truss, recovered a judgment before a justice of the peace of Jefferson county, against the Birmingham, LaGrange & Macon Railroad Company, a corporation, for the sum of ninety dollars, and the costs of suit. Writs of garnishment issued upon this judgment were served upon Joseph F. Johnston and E. W. Rucker. The justice of the peace rendered judgment against them as garnishees. From this judgment they appealed to the City Court of Birmingham. On September 9, 1891, that court rendered judgments against them by default, and on September 14, 1891, granted motions made by them to set aside said judgments by default.

WADE & VAUGHAN, for appellant.

WEBB & TILLMAN, *contra.*

[Truss v. Birmingham, LaGrange & Macon R. R. Co.]

THORINGTON, J.—The appeal in this case is taken from an order of the City Court of Birmingham setting aside a judgment by default against appellees. The motion to set aside the judgment by default was based on grounds which questioned the legality of the judgment, and also on the ground that appellees' counsel was prevented by sickness from giving attention to the case. The City Court granted the motion, basing its order in express terms on the grounds first above mentioned, and appellant, plaintiff in the court below, reserved an exception to the ruling of the court by a bill of exceptions duly signed. The case is submitted in this court, together with a motion by appellees to dismiss the appeal. The motion to dismiss the appeal must prevail, and for this reason we do not consider the questions reserved for this court by the bill of exceptions.

An order, or judgment, setting aside a default is interlocutory in its nature, and is the exercise of a discretionary power.—*Allen v. Lathrop-Hatton Lumber Co.*, 90 Ala. 490. The act of February 6, 1891, (Acts 1890-91, p. 779,) was not designed to take away from *nisi prius* courts their inherent power, in the exercise of a sound judicial discretion, to set aside defaults at the term at which they are entered; it only provides for an appeal from the decisions of Circuit and City courts, granting or refusing to grant "*new trials.*" This language can by reasonable construction be applied only to a case in which there has been one trial of fact, and a party seeks another, or a new, trial.

A default implies that there has been no trial; that the defendant failed to appear to claim or resist a trial, unless it appears there was a writ of inquiry as to damages, and the defendant appeared or was heard at the assessment of such damages. A new trial is defined to be a "re-examination of an issue of fact in the same court after a trial and decision by a jury, or court, or by referees."—1 Hayne on New Trials, p. 23, § 1; Hilliard on New Trials, p. 1, § 1; *Jenkins v. Frink*, 30 Cal. 596; *Zadski v. Clark*, 45 Conn. 397. There is nothing in the act of February 16, 1891, which suggests a different meaning for the words "new trial" from that they have at the common law. On the contrary, the requirement in the statute that the substance of the evidence and the decision of the court on the motion shall be set out in a bill of exceptions is clearly indicative of the legislative intent to limit the application of the statute to motions for new trials in cases where there has been a trial of fact, and to invest this court with the power to review the evidence introduced on the trial, and to determine whether the trial court erred in granting or refusing the new trial.

[Calderwood v. North Birmingham Street Railway Co.]

The grounds on which the motion for a new trial were granted in this case are that the judgment by default, sought by the motion to be vacated, was not founded on a judgment *nisi*, and that it was not according to law. This motion calls neither for the re-examination of any question of fact that had been decided by a jury or the court, nor for any ruling or decision by the court which it would be necessary or proper to reserve for consideration in this court by a bill of exceptions.

The remedy in such cases as this is by motion for a mandamus or other appropriate remedial writ, and not by appeal, and the motion of appellees to dismiss the appeal must be granted.

Appeal dismissed.