# Ledbetter & Co. *et al.* v. Vinton.

*Action on Promissory Note.*

1. *Judgment by default; setting aside.*—The action of a *nisi prius* court in refusing to set aside a judgment by default is not revisable on appeal. Such orders are not within the statute allowing a revision of the action of the lower court on motions for new trials.

2. *Bill of exceptions; signing.*—A bill of exceptions which is not signed within the time provided by law, no order of extension within that time being granted, will not be considered on appeal.

3. *Proof of execution of written contract, the foundation of suit.*—Every written contract, the foundation of the suit, which either purports to be, or is alleged in the complaint to have been executed by the defendant, is self proving as to the fact of execution unless this is denied by a sworn plea.

4. *Note; attorney's fees; judgment by default for.*—A note containing a stipulation for attorney's fees will support a judgment by default which includes such fees, without a writ of inquiry.

5. *Principal; agent.*—An agent who lends the money of his principal to a third person, can bind himself with the borrower for the repayment of the loan.

APPEAL from Anniston City Court.

Tried before Hon. JAS. W. LAPSLEY.

This action was brought by Anna M. Vinton against E. M. Lewis, J. M. Ledbetter and Ledbetter Co. Land and Loan Association, and was based upon a promissory note executed to the plaintiff by E. M. Lewis, and it is alleged in the complaint that J. M. Ledbetter who was a representative of the Ledbetter Co. Land and Loan Association, and the plaintiff's agent in making the loan evidenced by the note, did for the purpose of making himself and the Ledbetter Co. Land and Loan Association co-makers of said note, write upon the back thereof "Ledbetter & Co." It was also alleged that the note contained a stipulation by which the maker agreed to pay ten per cent. attorney's fees in case it was placed in the hands of an attorney for collection.

A judgment by default, without a writ of inquiry, was rendered against all the defendants for the amount expressed by the note together with ten per cent. thereon.

[Ledbetter & Co. *et al.* v. Vinton.]

At a subsequent day, the defendants J. M. Ledbetter and Ledbetter Co. Land and Loan Association made a motion to set aside this judgment alleging as grounds therefor, among others, that the note in suit did not show that it was executed by the movants, and also, that the judgment included ten per cent. for attorney's fees, when no writ of inquiry was had to ascertain what would be a reasonable amount for such fees. The plaintiff both demurred to and answered the motion. Her demurrers were overruled, and on hearing the motion was denied. From this ruling, the defendants appealed.

CALDWELL, JOHNSTON & ACKER, for appellants.

MATTHEWS & WHITESIDE, *contra.*

McCLELLAN, J.—Motion is here made by the appellee to dismiss the appeal in so far as it is taken from the order of the city court refusing to set aside the judgment by default rendered on March 6th, 1893, against the defendants. That motion must now be granted : the action of a *nisi prius* court setting aside or refusing to set aside a judgment by default will not support an appeal to this court. Such orders are not within the statute which requires us to revise the action of lower courts on motions for new trials, and in the absence of statutory provision cannot be considered by us.—*Allen v. Lathrop-Hatton Lumber Co.*, 90 Ala. 490 ; *Truss v. Birmingham, LaGrange & Macon R. R. Co*, 96 Ala. 316.

The only judgment in fact appealed from in this case is the judgment by default intered on March 6th, 1893. Being by default no exceptions were reserved to any ruling of the court in and about its rendition. For this and the further reason that the bill of exceptions found in the record was not signed for more than thirty days after judgment, no order being made within thirty days extending the time for the approval and signature of the judge (Acts 1890-91, p. 875), it is to be disregarded on this appeal from the judgment by default.

Looking alone, therefore, to the record proper of the court below, we find that the complaint contains a substantial cause of action against all the defendants. It claims of each and all of them the sum of ''one thousand dollars due by promissory note made and executed by

[Ledbetter & Co. *et al.* v. Vinton.]

the defendants to plaintiff on 1st of October, 1890.'' It then sets out the note, which upon its face purports to be executed by E. M. Lewis only, with J. M. Ledbetter as an attesting witness; but it goes on to aver "that before said note was delivered to her [the plaintiff] the said J. M Ledbetter, who, as the representative of the Ledbetter & Co. Land & Loan Association, was plaintiff's agent in loaning the said one thousand dollars to the said E. M. Lewis, wrote on the back of said note, for the purpose of making himself and the said Ledbetter & Co. Land & Loan Association co-makers of said note, the name, 'Ledbetter & Co.'" It can not be questioned but these facts, if true, constitute both J. M Ledbetter and the Ledbetter & Co. Land & Loan Association co-makers of the note along with Lewis, the other defendant; but it is insisted that no judgment by default should, or could legally, have been rendered against them without proof of their having executed the note as alleged in the complaint. This is not the law. In the absence of a verified plea of *non est factum* on their part, the execution of the note by them as alleged in the complaint was not an issue in the case, the averment of execution was to be taken as true, and the plaintiff was under no necessity to prove it. The case comes directly within section 2769 of the Code, as construed by this court in a number of cases. That section provides in express terms that ''every written contract the foundation of the suit *purporting* to be executed by the party sought to be charged'' is evidence of its own execution, &c., but may be impeached by plea, and when so impeached the burden is on the defendant; but it was long ago determined that this statute was to be construed in the light of certain others bearing upon the subject; and that, so construing it, all contracts, the foundation of suits, which either purported to be, *or were alleged in the complaint to have been*, executed by the defendant were within its terms and self proving as to the fact of execution unless that fact were denied by sworn plea.—*Ala. Coal Mining Co. v. Brainard*, 35 Ala. 476; *Wimberly v. Dallas*, 52 Ala. 196; *Hammons v. State, to use &c.*, 59 Ala. 164; *Bonner v. Young*, 68 Ala. 35; *Rich v. Thornton*, 69 Ala. 473; *Mobile & Montgomery R'y Co. v Gilmer*, 85 Ala. 422; *Levy v. Bloch & Co.*, 88 Ala. 290.

The contention that judgment by default was erroneous

because it included attorney's fees and there was no proof of the reasonableness of the amount claimed in that behalf, cannot be supported, it having been expressly decided by this court that a note containing a stipulation for attorney's fees will support a judgment by default which includes such fees without writ of inquiry.—*Wood & Brother v. Winship Machine Co.*, 83 Ala. 424.

We know of no reason in law or morals why an agent who lends his principal's money to a third person may not become bound with the borrower for the repayment of the loan. We do not see that this is "serving two masters," or that if it were serving two masters the contract would be invalid, as is insisted by counsel for appellant.

The point attempted to be made by appellants upon the assumption that the service was upon the Ledbetter &. Co. Land & Loan *Co.* instead of *Association*, the complaint and proof of service being against the association, is not well taken, the record does not support the assumption, but, to the contrary shows that service was had on "J. M. Ledbetter, Pres't. Ledbetter & Co. Land & Loan Association."

The judgment of the city court must be affirmed.