# Haygood *v*. Tait.

*Action of Assumpsit.*

1. *New trials; overruling of motion for a new trial where the judgment was by default not revisable on appeal.*—The action of a trial court in refusing to set aside a judgment by default on a motion for a new trial and to grant a new trial, is not revisable on appeal; such orders not being within the statute authorizing an appeal from a judgment on motion for a new trial.

2. *Appeal from justice of the peace; complaint should be filed.*—On appeal from a judgment rendered by a justice of the peace, a judgment by default by the court to which the appeal is taken will be reversed, where the record does not show that a complaint or statement of the cause of action was filed before the rendition of such judgment.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appeal in this case is from a judgment of the circuit court overruling a motion for a new trial.

Charles E. Tait, the appellee, commenced an action of attachment against the appellee, Lewis Haygood, in a justice of the peace court. From a judgment rendered by the justice in favor of the plaintiff, the defendant took an appeal to the circuit court. In the circuit court a judgment by default was rendered against the defendant. Thereupon the defendant made a motion for a a new trial, upon grounds, first, that the justice of the peace, before whom the case was originally instituted and who rendered the judgment appealed from, did not certify to the clerk of the circuit court a transcript of the proceedings within ten days after the taking of said appeal; and second, because the judgment by default was rendered by the circuit court when no complaint was on file or had been presented to the court; and third, because the defendant had a full and complete defense to the action, and was prevented from

making his defence by being told by one of the sureties. on the appeal bond and by the justice of the peace who. rendered the judgment, that the cause would not be called in the circuit court at the term at which the judgment was rendered. In connection with his motion. for a new trial, the defendant filed his affidavit in which he stated that the reason he did not appear and defend the cause in the circuit court was that he had. been told by one of the sureties on his appeal bond and by the justice of the peace who rendered the judgment,. that the cause would not be called at the term of court at which the judgment was rendered, and that they would notify him when to appear, and being an ignorant negro, he relied upon such statements; and further, that the defendant had a full and complete defense to the action. The plaintiff filed counter affidavits of himself and of the justice of the peace, and of the sureties on the appeal bond, in which it was stated that no such representations were made to the defendant as to the cause not being called at that term of the court, and that the defendant introduced the defense referred to on the trial before the justice of the peace in which the judgment was rendered against him.

The transcript certified to this court does not contain a complaint and does not show that any complaint was filed by the plaintiff in the circuit court. The court rendered a judgment overruling the motion for a new trial,. and to the rendition of his judgment the defendant duly expected. Defendant appeals, and assigns as error the rendering of said judgment.

MILLER & BONNER, for appellant.—The motion for a new trial should have been granted. The appellant had good defense and was prevented from making it on account of ignorance, and the information he received from the said surety on his appeal bond.—Code of 1896, § 434; *Penn v. Edwards*, 42 Ala. 655; *Amason v. Nash,.* 19 Ala. 104.

JONES & JONES, contra, cited *Ledbetter v. Vinton,* 108 Ala. 644; *Truss v. B. L. M. R. R. Co.,* 96 Ala. 316; Mc-

*Leod v. Shelby M. & I. Co.,* 108 Ala. 80; *Forrester v. Forrester,* 39 Ala 330.

McCLELLAN, C. J.—No appeal lies to this court from an order of the circuit court denying and overruling a motion to set aside a judgment *by default* and to grant a new trial, and error cannot be assigned upon such action.—*Truss v. B. L. & M. R. R. Co.,* 96 Ala. 316; *Ledbetter & Co. et al., v. Vinton,* 108 Ala. 644. Assignments of error numbered from 1 to 5 inclusive, will, therefore, be disregarded.

The court, however, committeed reversible error in rendering judgment by default against the defendant before any complaint had been filed in the cause by the plaintiff.—Code, §§ 561, 572; *Steelman v. Owen,* 8 Port. 562; *Amason v. Nash,* 19 Ala. 104; *Arundale v. Moore,* 42 Ala. 482; *Jones v. Howard,* 42 Ala. 483; *Penn v. Edwards,* 42 Ala. 655; *Heyman v. McBurney,* 66 Ala. 511; *Elmore v. Simon,* 67 Ala. 526; and for this the judgment must be reversed. The cause is remanded.

Reversed and remanded.