# Colley *v.* Spivey.

## *Action of Assumpsit.*

1. *Return of sheriff upon summons and complaint; sufficiency thereof.*—The return of a sheriff endorsed upon a summons and complaint "Executed by serving a copy on the within named defendant, except as stated below," and then dated and signed by the sheriff, is, in the absence of anything else appearing in the return, sufficient, and shows an execution of the writ; the words "except as stated below" being in such case treated as mere surplusage.

2. *Appeal; review on motion to set aside judgment by default.*—A motion to set aside a judgment by default is addressed to the sound discretion of the court, and the exercise of this discretion is not subject to review on appeal.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of assumpsit brought by the appellee against the appellant; and counted upon the common counts for work and labor done and for money loaned. The plaintiff recovered a judgment against the defendant, which judgment was obtained by default with a writ of inquiry. The facts of the case are sufficiently stated in the opinion.

WORTHY & GARDNER, for appellant, cited *Owings v. Binford*, 80 Ala. 421; *Costley v. Driver*, 45 Ala. 230; *Jennings v. Pearce*, 99 Ala. 303; *Melvin v. Clark*, 45 Ala. 285; *Wilson v. Owen*, 45 Ala. 451; *Windham v. National Fer. Co.*, 99 Ala. 578; *Driver v. Spence*, 3 Ala. 98; *Farmer v. Briggs*, 18 Ala. 478; *Ind. Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475.

S. M. DINKINS, *contra*.

DOWDELL, J.—After judgment by default against the appellant in the court below, he made a motion to set it aside on the ground that he had not been served by the sheriff with a copy of the summons and complaint. The return of the sheriff endorsed upon the summons and complaint was as follows: "Executed by serving a copy on the within named defendant, except as stated below. Sept. 27th, 1898." Signed, "S. M. Reeves, sheriff of Pike Co., Ala." Nothing appears "as stated below," but the official signature of the sheriff. This was a sufficient return by the officer showing an execution of the writ. The words "except as stated below," there being nothing stated below, can be treated only as surplusage.

The motion to set aside the judgment by default, was addressed to the sound discretion of the court, and is not therefore subject to revision on appeal. "The action of a *nisi prius* court setting aside or refusing to set aside a judgment by default will not support an appeal to this court. Such orders are not within the statute which requires us to revise the action of lower courts on motion for new trials, and in the absence of statutory provision cannot be considered by us."—*Ledbetter & Co. v. Vinton*, 108 Ala. 644; *Allen v. Lathrop-Hatton Co.*, 90 Ala. 490; *Truss v. Birmingham, LaG. & M. R. R. Co.*, 96 Ala. 316.

There is no error in the record, and the judgment of the court below must be affirmed.