# Hutchinson *v.* Palmer, *et al.*

*Bill to Enjoin the Collection of a Judgment.*

(Decided Feb. 1, 1906. 40 So. Rep. 339.)

1. *Appeal; Transcript; Contents.*—Rules of Practice of Supreme Court No. 29 and 30 require that answers to original bill, before amendment, and which was embodied in the same paper with the demurrer, and the answer to the amended bill and exhibited thereto, to be copied in the record, unless the parties, or their attorneys, agree to their omission; and a motion to expunge them both from the record, in the absence of such agreement, will be overruled.

2. *Judgment; Confession of.*—When one signs a note in which is embodied a power of attorney authorizing a confession of judgment on failure to pay note at maturity, this is a waiver of notice, and a judgment rendered in accordance with the authority thus given is as valid and binding as if rendered on regular service of process.

3. *Insurance; Variance in Policy; Premiums.*—It is no defense to a note given for premium on an insurance risk that the form of the policy issued was different from that contracted for, it appearing that the policy was retained and no effort made within a reasonable time to ascertain that it was different and to return it for cancellation.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

This is a bill filed by W. H. Hutchinson against Pal-

[Hutchinson v. Palmer, et al.]

mer and Edwards, sheriff of Talladega county to declare void and to vacate, annul and enjoin a judgment rendered at law against him in favor of said Palmer by the city court of Birmingham. Demurrers were sustained to the bill as amended and the bill was dismissed for want of equity. On appeal the appellant moved to strike and expunge from the transcript of the record certain pleas and other things not necessary to set out. The facts are sufficiently stated in the opinion of the court.

WEBB & AMASON, for appellant.—The court erred in sustaining demurrers to the bill as last amended and in sustaining the motion to dismiss for want of equity.—89 Ala. 214; 50 Ala. 69; 16 A. & E. Ency. of Law, p. 357-8. Delay in filing the bill to enjoin an action at law, when a court of law cannot possibly deal with the subject-matter, will not deprive the party of his right to file an injunction.—27 Ala. 104; 121 Pa. State Rep. 260. A misrepresentation was made to complainant on which he relied in the making and execution of the insurance policy and is such a fraud as confers upon him the right to avoid the contract.—99 Ala. 558; 6 Port. 344; 30 L. R. A. 33; 58 Am. St. Rep. 249. The provisions in the notes for a confession of judgment without notice or service upon appellant was void in that they were repugnant to the common law and opposed to public policy.—O'Hara v. Lanier, 1 B. Mow. (Ky.) 100; Rankin v. Lawrence, 4 Rich. L. (S. Car.) 267; 35 Am. Rep. 524; 35 Am. Dec. 419; Oil City v. McAboy, 74 Pa. St. Rep. 249. The judgment was wholly void because rendered in a county in which defendant had no place of residence and without service of notice upon him.—§ 4205, code 1896; Oil City v. McAboy, supra.

WARD & WARD and WARD & HOUGHTON, for appellee. —A man may waive any right given him by law pertaining to civil suits and rights.—29 A. & E. Ency. of Law, p. 1107; Lee v. Tillotson, 35 Am. Dec. 624 and note. Warrant of attorney to confess judgment is a waiver of notice of suit.—Teale v. Yost, 13 L. R. A. 796. And such war-

rant may be given to any attorney generally.—13 L. R. A. 796; 33 Ib. 83; 44 Ib. 840; *Giddens v. Crenshaw County,* 74 Ala. 471; *Vliet v. Camp,* 13 Wis. 221; *Sweeney v. Kitchen,* 80 Pa. St. Rep. 160. If the judgment is void as alleged the court can set it aside and the parties acquire nothing by it. A resort to chancery is therefore unnecessary.—*Bland v. Bowie,* 53 Ala. 152; 60 Am. St. Rep. 642; 15 Ency. P. & P. 332. The judgment could be vacated on appeal, if void.—*Winnimore v. Matthews,* 45 Ala. 449; *Shepherd v. Powell,* 50 Ala. 377; *Shelton v. Gill,* 11 Ohio 417; *Cranville v. Bacon,* 91 Am. Dec. 451. The judgment confessed will not be enjoined if no fraud is practiced in obtaining it.—*Moore v. Barclay,* 23 Ala. 739; 29 Ala. 471; 35 Ala. 539. If the fraud had been practiced, complainant could have compelled the surrender and cancellation of the notes and this he ought to have done.—*Bibb v. Hitchcock,* 49 Ala. 478; *James v. Howell,* 40 Am. St. Rep. 494. All that was said pending the negotiation was merged into the written completed contract.—*Banks v. Moore,* 139 Ala. 624; *Mobile L. Ins. Co. v. Pruitt,* 74 Ala. 497. There was no offer to do equity by returning the policy when the alleged fraud was discovered.—*Young v. Shepherd,* 44 Ala. 315; *Hatcher v. Branch,* 37 So. Rep. 690. By keeping the policy and delaying its return he ratified the contract he received and his bill is not amendable.—High on Injunctions, §§ 188-205-279; 106 Ala. 352; 54 Am. St. Rep. 59.

SIMPSON, J.—This was a bill in the chancery court by appellant against the appellees, seeking to enjoin the collection of certain judgments in the city court of Birmingham against appellant; said judgments having been rendered on notes of appellant, in which were embodied powers of attorney authorizing the confession of judgment on the same if not paid at maturity. The bill alleges that said notes were given for a certain insurance policy then applied for, which policy, when delivered, was of a different character from the one which he had been led to expect by the representation of said defendant, J. T. Palmer, who was acting as agent of the State Mutual Life & Annuity Association of Rome, Ga. Sev-

eral amendments were filed to the bill, and the chancery court finally sustained a demurrer to the bill as amended, and also a motion to dismiss the bill for want of equity. Said life insurance association is not made a party to the bill.

The appellant moves this court to strike and expunge from the record the answer of the defendant to the original bill, before amendmnet, and which was embodied in the same paper with the demurrer; also the answer to the amended bill, with the exhibits thereto. The transcript, which is required to be sent to the appellate court on appeal, consists of the entire record of the proceedings up to the time of appeal.—2 Ency. Pl. & Pr. pp. 259, 260. Our rules of practice provide that certain things shall not be copied into the record, but as to other parts of the proceedings, including those here sought to be expunged, our rules permit their omission only on agreement between the parties, or their attorneys.—Rules of Practice 29, 30, Supreme Court; Code 1896, pp. 1191, 1192. The motion is overruled.

Admitting the principle invoked by the appellant on the subject of the right of a defendant to have notice of proceedings against him before a valid judgment can be rendered against him, yet this is a right which can be waived by him, and if he executes a note, in which he embodies a power of attorney authorizing an appearance and confession of judgment on failure to pay the note at maturity, this is a waiver of notice, and a judgment rendered, in accordance with the authority therein given is as valid and binding as if rendered on regular service of process.—30 Am. & Eng. Ency. Law (2d Ed.) 110, 111; *Teel v. Yost,* (N. Y.) 28 N. E. 353, 13 L. R.A. 796; 11 Ency. Pl. & Pr. 985, 987, 989; *First Nat. Bank of Athens v. Garland,* (Mich.) 67 N. W. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597; *Van Norman v. Gordon,* (Mass.) 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. Rep. 304; *Caller v. Denson,* Minor, 19;; *Hodges & Puckett v. Ashurst,* 2 Ala. 301.

It is claimed, however, in the bill of complainant, that the policy which was delivered did not contain any stipulations for certain concessions which he was to have.

[Hutchinson v. Palmer, *et al.*]

In the first place, it is observed that the only allegation in regard to the kind of policy which complainant was to receive is that the "policy for and in consideration of which only said promissory notes were executed and de-livered was," etc.   The bill does not allege by whom or how the representations were made that he was to re-ceive such a policy, but it does state that he made a writ-ten application for said policy to said insurance associa-tion "upon the terms and conditions that are averred and set out in paragraph 3 of the bill of complaint," in which it was stated:   "I have read a sample blank form of the policy applied for, to be issued on the above-named plan, and I hereby accept the conditions of the same. * * * I agree that no statement, promises, or information made or given by the person soliciting this application shall be binding on the association, unless such statements, promises, or information be reduced to writing and pre-sented to the officers of the association at the home of-fice in this application.   The application and the policy hereby applied for taken together shall constitute the en-tire contract between the parties hereto."   It is evident that complainant had the original written application, or a copy of if, from the extensive quotation which he makes from it, yet he does not set it out, or make it an exhibit to his bill, but, on the contrary, moves to expunge that part of the record which contains it.

The complainant still has in his possession the policy issued to him, has never offered to deliver it up, does not make the life assurance association (to which he made the application and which issued the policy in question) a party to this bill, nor does he ask for a rescission of the contract or cancellation of the policy.   The application was made January 30, 1903, and the policy presumably delivered soon after, and complainant alleges that it was two months thereafter when he discovered that it was not the kind of policy he had contracted for, and that he did not return it, but merely kept it in his possession without receiving and accepting it as the policy he had applied for, and, even in September, 1903, when the at-torneys demanded payment of his said notes he merely informed them of his dissatisfaction with the policy and

[Patterson, *et al.* v. Carter, *et al.*]

refused to pay the notes, and has since had no further correspondence. with them or any one else in regard to the matter. Without dwelling upon other matters which are patent upon the statement of the facts, even if the complainant had a cause of action otherwise, he could not hold the policy and refuse to pay the notes which were given for the premiums. If the policy received was different from that which he had contracted for, it was his duty to ascertain that fact within a reasonable time and return it for cancellation.—16 Am. & Eng. Ency. Law, 953; *Bostwick v. Mutual Life Ins. Co.*, 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, 67 L. R. A. 705; *Allen v. Smith*, (Ala.) 39 South. 615.

The decree of the court is affirmed.

Tyson, Dowdell, and Anderson, JJ., concur.