# Walker *v.* Winn.

*Assumpsit.*

(Decided May 6, 1907. 43 So. Rep. 801.)

*Appeal; Pleading; Overruling Demurrer; Harmless Error.*—To an action on a note several special pleas were filed. To these special pleas general replications were filed denying their averments and also several special replications. Demurrers were over-

[Walker v. Winn.]

ruled to the special replications. Held, that where no evidence was introduced to support these pleas, and the plaintiff made out a prima facie case plaintiff was entitled to the affirmative charge and any error in overruling demurrer to special replications was error without injury.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. Solly, Special Judge.

Assumpsit by J. J. Winn, Jr., against D. L. Walker, Winn sueing in a representative capacity as administrator of the estate of J. E. Crews, deceased. From a a judgment for plaintiff, defendant appeals. Affirmed.

One Walker executed a note and mortgage to Zachariah Bush, with D. L. Walker, the present defendant, and one Baker as sureties on the note. The mortgage was foreclosed and after foreclosure a degree over was granted the mortgagee by the chancellor. The suit is upon the note, and only the present defendant is sued. The complaint alleges the estate of J. E. Crews is the legal and beneficial owner of the note sued on. The defendant filed seven pleas, the general issue; that the plaintiff was not the party really interested in the note; payment, and four pleas seting up the insanity of Bush at the time of the transfer of the note by him.

The plaintiff filed a separate general replication to each of the four pleas of insanity, and separate special replications to each of the pleas of insanity. Demurrer was sustained to each of the special replications except those numbered respectively, 8, 9, and 10, to which the demurrers were overruled. Replications 8, 9 and 10 set up a proceeding in chancery between Crews and the principal and other surety on the note and mortgage, on bill filed by Crews for reformation and foreclosure, the pleading by the principal and other surety of Bush's insanity at the time of the transfer to Crews, and the decree of the chancery court finding that at the time of the transfer Bush was sane. The defendants filed rejoinders to these replications to which demurrers were sustained, and the trial was had upon the complaint, pleas and replications. The plaintiff proved the execution and transfer of the note, the chancery decree finding a decree over and also the decree adjudging that

Bush was sane at the time of the transfer to Crews. The present defendant was not a party to the chancery suit, although his principal was . The record contains no evidence, if any was introduced by the defendants, either in support of the plea of payment or in support of the pleas of insanity of Bush at the time of the transfer.

At the conclusion of the testimony the court gave the general charge for the plaintiff.

W. C. SWANSON, A. H. MERRILL and S. H. DENT, JR., for appellant.—The plaintiff's special replications set up an estoppel against the right of his adversary to try with him an issue of fact developed by previous pleading. The essence of an estoppel is that it shuts off inquiry into the matter or thing against which it is pleaded. Hence it follows that when a pleading by way of estoppel is presented, the existence and sufficiency of the facts alleged in it become the *paramount issue*, and supersedes all inquiry into the issue previously raised until the paramount issue itself is determined. Otherwise, the trial court would pursue the course of first hearing evidence on an issue of fact, involving possibly the examination of many witnesses and the consumption of much time and afterwards in the same trial determine whether the parties ought to heard on the issue. Manifestly, if the plea of estoppel is held good and is proven, the case is at an end. The original issue is out of the case because the parties have no right to go into it. The issue of the existence and sufficiency of the facts pleaded as an estoppel become for the time being the material and only issue in the case.—*Dockery v. Day*, 7 Porter, 518.

In order to ascertain on what pleadings a case was really tried below this court will look to the whole record, without regard to what particular pleas may or may not be shown to have been filed at one or another stage of the trial.—*Farmer's Case*, 97 Ala. 141; *Andrews v. B'ham Min. R. R. Co.*, 99 Ala. 438; *Comer v. Way*, 107 Ala. 300; *McLendon v. Grice*, 119 Ala. 513.

PEACH & THOMAS, for appellee.—If it be true that upon all the evidence the plaintiff was entitled to the

affirmative charge, then any error that may have intervened was error without injury.—*Campbell v. Lundsford,* 83 Ala. 512; *Griffin v. Bass F. & M. Co.,* 135 Ala. 490.

Having filed separate general replications to each of defendant's pleas, under Section 3301, Code 1896, the burden was put upon the defendant of proving his special pleas, and the burden was not waived by the filing of the special replications.—Sec. 3301, Code 1896; *Lucas x. Stonewall Ins. Co.,* 139 Ala. 487.

TYSON, C. J.—This is an action upon a promissory note. A number of defenses were interposed by special pleas. Among the pleas was one which imposed upon the plaintiff the burden of proving his intestate's ownership of the note. The others invoked matters of defense of an affirmative character imposing upon the defendant the burden of proving the matters alleged in them as a defense to the action. To some of these latter pleas there was a general replication, and also special replications. To the special replications a demurrer was interposed, and as to those numbered 8, 9, and 10 the demurrer was overruled, and as to the others sustained. To the special replications, 8, 9, and 10 there were special rejoinders, to which a demurrer was sustained. Issue being joined upon the several pleas of defendant and the special replications, upon the conclusion of the testimony the trial court gave the general affirmative charge in writing for the plaintiff.

Complaint is here made that error was committed by the trial court in its several rulings upon the demurrer to the special replications numbered 8, 9, and 10, and to the rejoinders thereto, as well as the giving of the written charge at plaintiff's request. The bill of exceptions purports to set out all the evidence introduced upon the trial. No testimony was offered by the defendant whatever. There is not a scintilla of testimony tending to support the special pleas to which replications 8, 9, and 10 were interposed as a reply; and clearly, as there was a general replication to each of them, denying their averments, the plaintiff was not put to proof

of his special replications, and, indeed, there was no proof or offer to prove one of the material facts alleged in each of them, to-wit, that defendant was a surety upon the note sued upon. This being true, the giving of the charge must have been predicated upon the fact that the plaintiff had sustained the burden which was upon him of making out a prima facie case, which he did, and which was in no wise disputed by the testimony, inferentially or otherwise. It therefore follows that, if error was committed in any of the rulings upon the pleadings, it was without injury.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.