# Baggett *v.* Alabama Chemical Co.

*Motion to Set Aside Judgment by Confession.*

(Decided June 18, 1908. 47 South. 102.)

1. *Process; Waiver of Service.*—A warrant of attorney incorporated in a note to appear and confess judgment is a waiver of service of process.

2. *Appeal and Error; Decisions Reviewable; Judgment by Confession.*—Section 2846, Code 1907, does not authorize an appeal from

a judgment overruling a motion to set aside a judgment by confession. as there was no trial and decision on an issue of fact resulting in the judgment sought to be set aside.

2. *Same.*—Unless the record shows the judgment to be void for want of jurisdiction, a judgment overruling a motion to set aside a judgment by confession is not reviewable in the absence of a statute authorizing it.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

The Alabama Chemical Company obtained a judgment by confession against W. A. Baggett, and he entered a motion to set aside such judgment. From a judgment overruling this motion, he appeals. Affirmed.

STEINER, CRUM & WEIL, and POWELL, HAMILTON & LANE, for appellant. All civil actions must be commenced by service of summons.—Secs. 5296-7, Code 1907. While the note authorizes a confession of judgment by an attorney, it nowhere confers upon him the right to accept service of the summons and complaint. —23 Cyc. 705; sec. 4296, Code 1907.

HOLLOWAY & BROWN, for appellee. The appearance to set aside the judgment gave the court jurisdiction of the person and bound the defendant by the rulings on the motion.—2 Ency. P. & P. 653-655. The power of attorney is valid and binding, as the Code of 1907 has no application to it.—2 Ala. 301; Minor 19; Id. 121; *Hutchinson v. Palmer*, 147 Ala. 517; *Wilson v. Collins*, 9 Ala. 127.

TYSON, C. J.—This appeal is from a judgment overruling a motion to set aside a judgment upon a confession. The grounds of the motion relied on are two: First, that defendant was not served with a copy of the complaint, and therefore the judgment was rendered without notice; and, second, that he had paid the debt before the action was commenced.

[Baggett v. Alabama Chemical Co.]

The motion was made during the term of the court at which the judgment was rendered. On the hearing, upon the introduction of the note, which contained the authorization for an appearance and confession of judgment upon it, and the testimony pro and con as to payment of the debt prior to the filing of the complaint, the trial judge denied the motion. Under the statute authorizing appeals from decisions on motions for new trials, this appeal will not lie for the purpose of reviewing the correctness of this ruling.—Section 2846, Code 1897; *Truss v. B. L. & M. R. R. Co.*, 96 Ala. 316, 11 South. 454; *Ledbetter v. Vinton*, 108 Ala. 644, 18 South. 692; *Haygood v. Tait,* 126 Ala. 264, 27 South. 842; *Mobile L. & R. R. Co. v. Hansen,* 135 Ala. 284, 33 South. 664. This is so for the obvious reason there was no trial and decision on an issue of fact, resulting in the judgment sought to be set aside; and clearly, in the absence of statutory provision, the disposition of the motion cannot be reviewed by this court, unless the record of the trial court shows the judgment to be void for want of jurisdiction.—3 Brick. Dig. p. 584, § 124; *Wells v. Am. Mort. Co.*, 123 Ala. 413, 26 South. 301. The judgment rendered was clearly not void. Indeed, it could not be pronounced as irregular. Furthermore, if we were permitted to consider the warrant of attorney incorporated in the note sued on to "appear and confess" the judgment, we would be constrained to hold that notice by service of process of the action was waived by defendant. —*Hutchinson v. Palmer*, 147 Ala. 517, 40 South. 339, and cases there cited.

Affirmed.

DOWDELL, SIMPSON, and DENSON, JJ., concur.