# Jemison *v.* Freed.

*Assumpsit.*

(Decided June 17, 1009.   50 South. 52.)

1. *Judgment; Confession of Judgment.*—Where the note provided that suit might be brought thereon in any precinct in any county in the state and that the maker and endorser authorized any attorney at law to appear for him in any court at any time and confess judgment, etc., a judgment rendered in accordance with the power is valid and binding, without preliminary proof thereof and the power to confess is not limited by the first stipulation as that refers merely to the venue of the judgment.

2. *Same.*—The power of confession of judgment without preliminary process has been rendered invalid since the adoption of section 4296, Code 1907, and a judgment so rendered may be vacated or annulled on motion.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

M. M. Freed sued J. A. Jemison and another upon a note containing power of attorney to confess judgment, etc., and judgment was rendered on confession without preliminary process. Jemison entered a motion to vacate and annul the judgment which was denied, and he appeals. Affirmed.

BUSH & BUSH, for appellant.—Counsel insists that under the wording of the note that suit must be brought, that is, the process must issue thereon.—30 A. & E. Ency of Law, 113.

WARD & WARD, for appellee.—On the authority of *Hutchinson v. Palmer,* 40 South. 339, the cause should be affirmed.      .

SAYRE, J.—In *Hutchinson v. Palmer,* 147 Ala. 517, 40 South. 339, it was held that, where one executes a note in which he embodies a power of attorney authorizing an appearance and confession of judgment on failure to pay at maturity, a judgment rendered in accordance with the power is as valid and binding as if rendered on service of process. Such powers are now void.—Code 1907, § 4296. The cited section, however, does not affect the case in hand.

In the transcript of the docket of the inferior court, sent to the city court in response to a common-law writ of certiorari, there appears a copy of a note given by the defendant to the plaintiff, which contains the following provision: "Notice and protest on nonpayment at maturity is waived by each maker and indorser hereof, and suit may be brought hereon in any precinct in any county in Alabama. Each maker and indorser hereby authorizes any attorney at law to appear for him in any court in term time or vacation at any time hereafter and confess a judgment," etc. It sufficiently appeared that

judgment had been rendered on confession by an attorney at law without preliminary process to bring defendant into court. Let it be assumed that the note, a copy of which is to be found in the transcript, was the basis of the judgment confessed, that it was properly certified, and was therefore properly before the city court, and is now properly here. This appeal cannot be sustained. The case made cannot be distinguished on any 'substantial ground from that of *Hutchinson v. Palmer, supra.* The authority to bring suit in any precinct in any county in Alabama did not limit or impair the subsequently conferred power of attorney to confess judgment without preliminary process. The first stipulation refers to the venue of the judgment, and cannot be construed as a requirement that process issue; for the sole purpose of the second is to waive such process. The two stipulations cover distinct fields, and neither trenches upon the other.

We have considered the questions raised by the assignments of error and the argument of counsel, and find no error.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.