# Chandler *v.* Hardeman.

## *Assumpsit.*

(Decided April 20, 1915.   68 South. 525.)

1. *Action; Venue; Provisions of Note.*—Notwithstanding the provisions of section 4648, Code 1907, the maker of a note may agree that the venue of the action in a suit on the note may be in a certain beat of the county of the maker's residence, at the option of the holder of the note, and the same is not violative of public policy.

2. *Same.*—The provisions of section 4296, Code 1907, have no application to a provision in the note whereby the maker agrees to be sued in a certain beat, in the county of his residence.

3. *Courts; Jurisdiction.*—Jurisdiction of the person may be conferred by consent, waiver, or agreement, but jurisdiction of the subject matter cannot be so conferred.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by B. F. Hardeman against J. W. Chandler. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN E. MITCHELL, for appellant. No one can be sued outside of the precinct of his residence, or in that in which the debt was created, or the cause of action arose.—Section 4608, Code 1907; *Glaze v. Blake,* 56 Ala. 387; *Western Railway Co. v. Lazerous,* 88 Ala. 458. It is against the public policy of the state to enforce the provision contained in the note.—Section 4291, Code 1907.

FRANCIS J. INGE and JAMES H. KIRKPATRICK, for appellee. The overruling of the demurrers was not prejudicial.—*Andrews v. Hall,* 132 Ala. 320. The provisions of § 4648, as to jurisdiction of the person may be waived, and was waived in this case by the contract entered into by appellant.

THOMAS, J.—A provision in a promissory note, whereby the maker agrees that the venue of an action brought against him on the note shall, at the option of the holder be in a certain beat of the county of the maker's residence, is not void as against public policy, although the specified beat is not the beat in which the maker lives, or in which the debt was created or the cause of action arose, as required by section 4648 of the Code. And the holder of such note may therefore properly bring suit thereon in the justice court of such specified beat—the amount of the note being within the jurisdiction of a justice of the peace—and if the maker, when so sued and served with process, pleads to the jurisdiction of the justice that he (the maker) resides in a precinct of the county, and that the debt for which the note sued on was given was created in a precinct of the county, different from that in which the suit was brought, it will be a sufficient answer to such plea to reply that the note contains a provision authorizing the bringing of the suit in the last-mentioned precinct.— *Jemison v. Freed,* 161 Ala. 598, 50 South. 52; *Baggett v. Ala. Chem. Co.,* 156 Ala. 637. 47 South. 102; *Hutchinson v. Palmer,* 147 Ala. 520, 40 South. 339.

While the Code (section 4296) modifies the doctrine of the cases cited to the extent of declaring void (what those cases held to be valid) provisions in a note authorizing the holder to confess judgment for the maker, yet said section has no application to the provision here un-

der review, and the principles announced and applied in the authorities cited demonstrate the correctness of our ruling here.

Jurisdiction of the subject-matter cannot, of course, be conferred on a court either by consent, waiver, or agreement; but jurisdiction of the person, which is the case here, can (authorities supra; *Woolf v. McGaugh,* 175 Ala. 299, 57 South. 754) ; and when, therefore, the defendant here, who lives in Whistler beat and contracted the debt in Mobile beat, agreed as a part of the consideration of the contract that he might, if the holder of the note so desired, and in the event it was not paid at maturity, be sued thereon in beat 10 of that county— a beat in which probably the holder resided, or one at least more convenient to him than the beat in which defendant's residence was, or in which the debt was created—he is bound thereby, and as a result, when process is served upon him in such a suit from the justice court of beat 10, that court acquired jurisdiction of his person, notwithstanding section 4648, which declares the rule that governs as to the jurisdiction of the person in justice courts, in the absence of a waiver thereof or of consent or agreement to the contrary.—17 Am. & Eng. Ency. Law (2d Ed.) 1063, 1064; authorities supra.

The appellant here was the defendant in the justice court of said beat 10, and pleaded to the jurisdiction of that court that he did not reside in said beat but in Whistler beat, and that the debt for which the note sued on was given was not created in that beat, but in Mobile beat. Upon the filing of this plea, the case was continued; but the appellant did not appear, on the day to which the case was continued for trial, to substantiate said plea, and the justice court rendered judgment by default against him. He took the case by statutory certiorari to the Mobile law and equity court, where he re-

filed his plea, to which plaintiff then filed a general replication and several special replications—in some of which plaintiff set up that defendant had waived his right to insist upon said plea by failing to appear in the justice court to substantiate it, and in others that he waived it in other ways needless to set out, and in another that defendant was estopped, by the provision of the note to which we have adverted, from pleading to the jurisdiction of the justice court. To each of these replications the defendant filed demurrers, which were overruled as to all the special replications except the last mentioned, to which appellant's demurrer, asserting that the provision mentioned was void as against public policy, was sustained.

While the court probably, though we need not so decide, erred (24 Cyc. 593, 594) adversely to appellant in overruling the demurrer to the replication setting up that appellant waived his right to insist upon his plea on the trial of the case on appeal by his failure to appear, as stated, in the justice court, yet the court erred, as seen, in favor of appellant in sustaining his demurrer to the other replication setting up the provision mentioned in the note. This latter replication was, as before pointed out, a complete answer to defendant's plea and if its allegations are true, then the plea, though its averments be also true, could avail the appellant nothing on another trial. It appears, however, as before said, that the plaintiff joined issue, as well as filed special replications to defendant's said plea. This joining of issue put upon the defendant the burden of proving said plea (Code, § 5338), and for aught appearing to the contrary from the bill of exceptions he failed to do so on the trial. The errors of the court, if any, therefore, in its rulings on demurrers to the special replications, or in striking on motion rejoinders to those replications,

would be and are without injury.—*Walker v. Winn,* 150 Ala. 173, 43 South. 801; *Smith v. Patton,* 128 Ala. 611, 30 South. 582; *Barton v. Charter Gas Engine Co.,* 154 Ala. 278, 45 South. 213; *Watson v. Birmingham Railway, L. & P. Co.,* 150 Ala. 322, 43 South. 732; *Andrews v. Hall,* 132 Ala. 320, 31 South. 356; *Cross v. Esslinger,* 133 Ala. 409, 32 South. 10.

It follows that the judgment appealed from must be and is affirmed.

Affirmed.