(104 So. 898)

## Ex parte GAY.

## SOVEREIGN CAMP, W. O. W., v. GAY.

(7 Div. 515.)

(Supreme Court of Alabama. Nov. 20, 1924.)

1. Appeal and error ⬤⟺113(3), 873(2)—Order overruling motion .to set aside default judgment not appealable nor assignable as error on appeal from such judgment.

Order overruling a motion to set aside default judgment was not appealable, nor was it assignable as error on appeal from such judgment, since order was necessarily made after entry of judgment; Act Feb. 16, 1891 (Acts 1891, p. 779; Code 1923, § 6088), authorizing appeals from decisions granting or refusing motions for new trials, being applicable only where trial of fact had been had.

2. Appeal and error ⬤⟺1—Right of appeal is statutory.

Right of appeal is statutory.

3. Mandamus ⬤⟺53 — Proper remedy, where trial court abuses discretion in refusing to set aside judgment.

Mandamus is proper remedy, where trial court has abused its discretion in refusing to set aside default judgment.

Certiorari to Court of Appeals. ·

Petition of George E. Gay for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Sovereign Camp, W. O. W., v. George E. Gay, 20 Ala. App. 650, 104 So. 895. Writ granted and reversed and remanded.

See, also, 20 Ala. App. 531, 104 So. 899; post, p. 411, 104 So. 900.

---

⬤⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Goodhue & Lusk and Alto V. Lee, all of Gadsden, for petitioner.

The order of the trial court refusing to grant a motion to set aside the judgment nil dicit is not reviewable on appeal. Allen v. Lathrop, 90 Ala. 490, 8 So. 129; Truss v. Birmingham, etc., 96 Ala. 316, 11 So. 454; Baggett v. Ala. Chem. Co., 156 Ala. 637, 47 So. 102; Wilkins v. Windham, 197 Ala. 510, 73 So. 29; Hershey v. Yates, 196 Ala. 657, 72 So. 260; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412; Colley v. Spivey, 127 Ala. 109, 28 So. 574.

C. H. Roquemore, of Montgomery, opposed.

Brief of counsel did not reach the Reporter.

SAYRE, J. George E. Gay had judgment nil dicit against the Sovereign Camp. Defendant's motion to set aside the judgment was overruled. On appeal, the Court of Appeals reversed the judgment and remanded the cause, on the ground that the trial court had abused its discretion in overruling the motion to set aside the judgment nil dicit. It is not necessary to state the history of the cause leading up to the ruling in question. The facts are stated in the opinion of the Court of Appeals. Appellee in the Court of Appeals, plaintiff in the trial court, applies to this court for the writ of certiorari to review the opinion and judgment of the Court of Appeals.

[1-3] If it were necessary to a correct disposition of the cause in this court, we would probably note our concurrence in the opinion of the Court of Appeals to the effect that, in the circumstances shown to the trial court, the judgment nil dicit should not have been rendered. But the point is taken, and in our judgment well taken, that the Court of Appeals was without jurisdiction in the premises, for the reason that the order overruling the motion to set aside the judgment was not an appealable order, nor was it assignable as error on appeal from the judgment nil dicit; the sufficient reason for this last conclusion being that the order was made—necessarily so—after the entry of judgment. The right of appeal is controlled by the statute, and the statute makes no provision for review of an order granting or overruling a motion to set aside a judgment nil dicit. The ruling of the trial court on the motion was no more the subject of review on appeal than was a ruling on a motion for a new trial prior to the statute authorizing appeals in the last-named case. Allen v. Lathrop-Hatton Lumber Co., 90 Ala. 492, 8 So. 129. Act Feb. 16, 1891 (Acts, p. 779; section 6088 of the Code of 1923) authorized appeals from decisions granting or refusing motions for new trials; but it was held, narrowly perhaps,

that this act applied only to cases in which there has been a trial of fact. Truss v. Birmingham, etc., R. R., 96 Ala. 316, 11 So. 454. This interpretation has passed into two Codes, and cannot now be avoided by the courts. Colley v. Spivey, 127 Ala. 109, 28 So. 574; Baggett v. Alabama Chemical Co., 156 Ala. 637, 47 So. 102, where other cases are cited. The remedy, where it is alleged that the trial court, in the determination of a motion such as is here presented, abused the discretion lodged in it by law, is by mandamus. Brazel v. New South Coal Co., 131 Ala. 418, 30 So. 832; Ex parte Parker, 172 Ala. 136, 54 So. 572. The remedy by mandamus might have been invoked by an alternative motion in this cause, for a writ to compel the circuit judge to vacate the order overruling appellant's motion. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836. But this procedure was not resorted to. The Court of Appeals ordered a reversal as upon appeal. For this, under numerous decisions of this court, it had no authority.

Writ of certiorari granted, judgment of the Court of Appeals reversed, and the cause remanded, for further proceedings in conformity with this opinion.

All the Justices concur.