## EGLEY v. T. B. BENNETT & COMPANY.

[No. 24,723.    Filed December 16, 1924.    Rehearing denied March
18, 1925.]

1. JUDGMENT.—*Confession of judgments under warrant of attorney not authorized in this state, but may be in Illinois.*— A provision in a note authorizing any attorney to appear for the maker in any court and confess judgment, without process or appearance by the maker, would not authorize an attorney to appear for the maker in a court of this state and confess judgment for him, but it would authorize an attorney to confess judgment in Illinois.    p. 51.

2. JUDGMENT.—*Confession of judgment under warrant of attorney is entitled to full faith and credit.*—A judgment by confession, whether made by defendant personally or by someone acting under a warrant of attorney granted to him, is entitled, under the federal Constitution, to the same faith and credit in Indiana as it has in the state wherein it was entered.    p. 52.

3. BILLS AND NOTES.—*Validity of clause authorizing confession of judgment by attorney is determined by law of state where payment is to be made.*—A warrant of attorney in a promissory note authorizing any attorney to appear for the maker in any court and confess judgment for him is a matter connected with the performance of the contract and does not relate to its validity, and the legality of such a provision must be determined by the law of the state where payment is to be made.    pp. 54, 55.

4. JUDGMENT.—*Judgment confessed under warrant of attorney when payable in another state is enforceable in Indiana, not being illegal by statute.*—There being no statute in this state prohibiting the execution of a note containing a warrant of attorney authorizing any attorney to appear for the maker in any court and confess judgment for him, or that makes such a contract absolutely void, a judgment by confession in Illinois under a power of attorney in a note executed in Indiana, but payable in Illinois, is enforceable in Indiana under "the full faith and credit" clause of the federal Constitution (*Irose* v. *Balla*, 181 Ind. 491, distinguished).    p. 57.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by T. B. Bennett and Company against Noah Egley, on a judgment obtained in Illinois. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Simmons, Dailey & Simmons* and *Leonard, Rose & Zollars,* for appellant.

*Adsit & Thompson, Sturgis & Stine* and *Breen & Morris,* for appellee.

GAUSE, J.—Appellee, a corporation having its prin-cipal office and place of business in Illinois, recovered a judgment against appellant, a resident of Indiana, in the circuit court of Livingston county, Illinois, on a note which was executed in Indiana, but which was made payable in the city of Flanagan, Illinois.

The note contained the following provision: "I here-by irrevocably make any attorney at law my attorney for me and in my name to appear in any court of rec-ord, in term time or vacation, at any time hereafter to waive service of process and confess a judgment on this note in favor of the payee, his assigns or the legal holder, for such sum as shall then appear to be due, including an attorney fee (as stated)   *   *   *   to re-lease all errors   *   *   *   and to consent to immediate execution on such judgment."

After maturity, appellee brought suit on the note in the circuit court of the county where said city is lo-cated, said court being a court of record and of general jurisdiction. No process was issued, and appellant had no notice or knowledge thereof. By virtue of the au-thority contained in said note, an attorney at law ap-peared and confessed judgment in appellant's name for the full amount thereof, together with interest, attor-ney's fees and costs. Appellee brought this action upon said judgment, and the question for decision is as to the validity of said Illinois judgment.

It may be regarded as settled in this state that such a provision as is contained in the note involved
1.  would not authorize an attorney to appear for the defendant in this state and confess judgment.

See *Irose* v. *Balla* (1914), 181 Ind. 491. However, it appears from the special findings in the case at bar that, under the law of Illinois, such a proceeding is valid. The question then arises, if such a judgment is valid at the place where it is rendered, is it valid in this state, under the full faith and credit clause of the federal Constitution?

The general rule governing the effect in other states of a judgment confessed on warrant of attorney is stated in 2 Black, Judgments (2d ed.) §868, as

2. follows: "There is nothing in the character of a judgment entered upon confession without action to prevent it from being available as a cause of action in another state, equally as well as one rendered upon adversary proceedings. * * * The sole question must be, what force and effect are accorded to the judgment in the state of its rendition." And in 2 Freeman, Judgments (4th ed.) §558a, it is said: "A judgment by confession whether made by defendant personally or by some one acting under a warrant of attorney granted by him, is entitled to the same faith and credit in other states as it has in the state wherein it was entered." The rule, as stated by the above authorities, was approved by this court in the case of *Kingman* v. *Paulson* (1891), 126 Ind. 507, 22 Am. St. 611.

In the Kingman case, it does not appear where the note and warrant of attorney were executed, but it does appear that the note was payable in Illinois. Suit was brought on the note in that state and an attorney appeared for the defendants by authority of the warrant of attorney and confessed judgment. It was held that the judgment rendered under such circumstances was not void and not subject to collateral attack. The court in that case quoted the section of the federal Constitution providing for full faith and credit being given in

Egley *v.* T. B. Bennett & Co.—196 Ind. 50.

each state to the judicial proceedings of every other state, and cited Freeman on Judgments as authority for such decision.

But, it is claimed, on behalf of appellant, that the fact of said note being executed in Indiana by a resident of this state, where a warrant of attorney for confession of judgment is not recognized as being sufficient authority for an appearance, renders such judgment void.

We have heretofore called attention to the fact that, in the case of *Kingman* v. *Paulson, supra,* it does not appear whether the note and warrant of attorney were executed in Indiana, but the very fact that the opinion does not mention the place of its execution, but does set out that it was to be performed in Illinois, shows that the court attached no importance to the place of execution, but that the place of payment was material.

The facts in the case of *Vennum* v. *Mertens* (1906), 119 Mo. App. 461, 95 S. W. 292, are parallel to the facts in the case at bar, and, in that case, the court said: "The note was payable in the State of Illinois, and the instrument shows on its face that the parties had the laws of that State in mind when they produced the writing and signed it, so that it is immaterial at what particular locality it was signed. The laws of the State where the note was made payable, and by which the parties intended its validity and enforcibility should govern, is controlling in this proceeding. * * * Judgments on confession on warrant of attorney, if valid in the State where taken, are recognized and treated as valid in this State, under that clause of the Federal Constitution, which requires the courts of each State to give 'full faith and credit' to the judgments of sister States." See, also, *Krantz* v. *Kazenstein* (1903), 22 Pa. Super. Ct. 275; *Randolph* v. *Keiler* (1855), 21 Mo. 557; *Sipes* v. *Whitney* (1876), 30 Ohio St. 69; *Snyder* v.

*Critchfield* (1895), 44 Nebr. 66, 62 N. W. 306, and cases cited in note to 38 L. R. A. (N. S.) 814.

It was held by this court in the case of *Irose* v. *Balla, supra,* that since it is against the policy of the courts of this state to recognize a warrant of attorney as sufficient authority for a confession of judgment in this state, such a warrant contained in a note *payable in this state,* and where it is presumed the authority to confess judgment was to be exercised, would not authorize the use of such authority in another state where it was not shown that such authority was recognized. In other words, it was held in the case cited that the note was payable in Indiana and there was no proof that such authority was recognized in Illinois. But the court expressly pointed out that it was not holding that if the note was payable in Illinois and it was shown that such authority was valid in Illinois that the judgment would be subject to attack, and said: "We might have a very different question under a note payable in Illinois or executed there."

It is argued that because such a warrant of attorney is not recognized in Indiana as being sufficient authority for the confession of judgment, our courts

3.   should, on grounds of public policy, refuse to recognize a judgment rendered in pursuance to such authority, although such a judgment is valid in the state where rendered. We know of no rule of public policy which requires us to go to that extent. We have no statute nor positive law which prohibits the making of such a contract as here involved, or that makes such a contract absolutely void. It is merely unenforceable in this state. This would not justify us in holding that it is against public policy to recognize that a citizen of this state might not execute in Indiana a contract of this kind that was to be performed in another state where such performance would be legal.

This court, in the case of *Irose* v. *Balla, supra,* stated the following on this subject of public policy: "We have marked instances of the requirement of recognition of the full faith and credit ˙clause in foreign garnishments of wages of residents of this State, though our own public policy forbids it." And the court in that case stated that the rule in *Kingman* v. *Paulson, supra,* was sound.

The warrant of attorney is a matter connected with the performance of the contract and not with its formal validity, and since the contract can legally be

3.   performed in the place where it was to be per-
.formed, all matters relating thereto and carried out there must be construed according to the laws of that jurisdiction. See note to 38 L. R. A. (N. S.) 814.

We are not confronted with a case where a contract which is void in this state is made to be performed in another state in order to evade our law, since the payee of said note was a resident of, and had its principal place of business at, the place where the note was payable. Nor is the case parallel with the case of a note executed in Indiana by a married woman as surety, but payable in another state, when our statute made such a note void, at the option of the woman. In such a case the note would be void, if it was void by the law of the place where executed. Such was the holding in the case of *Garrigue* v. *Kellar* (1905), 164 Ind. 676, 74 N. E. 523, 69 L. R. A. 870, 108 Am. St. 324; but the rule to· be followed in determining the law that should govern in construing contracts was stated by the court in that case as follows: "The law applicable to promissory notes executed in one state and payable in another, having conflicting laws, may be summed up as follows: 1. All matters bearing upon the execution, the interpretation and validity of the note, including the capacity of the parties to contract, are to be determined by the law

of the place where the contract is made. 2. All matters connected with the payment, including presentation, notice, demand, protest and damages for nonpayment, are to be regulated by the law of the place where, by its terms, the note is to be paid. 3. All matters respecting the remedy to be pursued, including the bringing of suits, service of process, and admissibility of evidence, depend upon the law of the place where the action is brought."

Counsel cite the case of *Acme Food Co.* v. *Kirsch* (1911), 166 Mich. 433, 131 N. W. 1123, 38 L. R. A. (N. S.) 814.

The holding in the case cited is contrary to our conclusion, but, in our opinion, it is out of harmony with the weight of authority and well settled principles.

The author of the note in the Lawyers Reports Annotated, cited above, says of the decision in that case, the following: "It may be questioned, however, whether this is not a misapplication of the general rule, that the validity of a contract is governed by the law of the place where it is made. That rule clearly applies to questions affecting the formal validity of the contract. The stipulation for confession of judgment, however, if it is not to be regarded as a matter pertaining to the remedy and thus governed by the *lex fori*, seems to relate to the performance, rather than to the formal validity, of the contract. In that view it would seem that the law of the place of the performance of the contract should apply, assuming that the law of the place where the note is made does not go so far as to prohibit the introduction of such a stipulation in a contract which is to be performed elsewhere."

There is no question raised that the jurisdiction of the Illinois court was obtained by fraud in obtaining the execution of the contract or by other fraudulent means.

There being no law in this state which prevents the making of such a contract to be performed in a state where such a provision may be lawfully carried out, we are of the opinion that a judgment rendered in pursuance to such provision and which is valid in the state where rendered, must be recognized as valid in this state.

4.

Judgment affirmed.

## DISSENTING OPINION.

EWBANK, J.—A personal judgment of a court of record having general jurisdiction in a sister state is entitled to full faith and credit if that court had jurisdiction, but not otherwise. And when suit is brought on such a judgment the question whether or not the defendant had been lawfully served with process, or had voluntarily appeared, or by some other lawful means had submitted to or been made subject to the jurisdiction of the court which gave the judgment at the time it was rendered, is always open to inquiry. *Old Wayne Life Assn.* v. *McDonough* (1906), 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345; *Brown* v. *Fletcher's Estate* (1908), 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966.

Of course, a contract made in violation of a positive law of the place where it was executed forbidding such contracts to be entered into could not confer authority to do, in the absence of a party to such contract and without his knowledge, acts which would give a court jurisdiction to render a personal judgment against him. Such a contract would be void for all purposes, and could not confer authority to do acts binding upon the maker, whether by appearing for him in a court of another state, or otherwise.

It has been held by this court many times that contracts by which a party agrees in advance to be absolutely bound in case of a future default, without a hear-

ing in a court as to the extent of his liability, are void. *Kistler* v. *Indianapolis, etc., R. Co.* (1882), 88 Ind. 460, 464; *Louisville, etc., R. Co.* v. *Donnegan* (1887), 111 Ind. 179, 187, 12 N. E. 135; *Supreme Council, etc.,* v. *Forsinger* (1890), 125 Ind. 52, 56, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. 196; *McCoy* v. *Able* (1892), 131 Ind. 417, 423, 30 N. E. 528; *Ditton* v. *Hart* (1911), 175 Ind. 181, 193, 93 N. E. 961; *Maitland* v. *Reed* (1906), 37 Ind. App. 469, 471, 77 N. E. 290.

And it was held that the law of Indiana forbids the execution of a contract authorizing the confession of judgment as part of a note payable within this state, and that a judgment recovered on a note by authority of such a contract in a court of Illinois was without jurisdiction and void. *Irose* v. *Balla* (1914), 181 Ind. 491, 104 N. E. 851.

But the majority opinion draws a distinction between such contracts when contained in notes payable in the State of Indiana, and when contained in notes payable in another state where they are recognized as valid, and holds that "we have no statute nor positive law which forbids the making of such a contract as is here involved, or that makes such a contract absolutely void. It is merely unenforceable in this state."

Believing that the law is otherwise, I respectfully dissent.