155 So. 74

## MONARCH REFRIGERATING CO. v. FAULK.

### 4 Div. 760.

Supreme Court of Alabama.

May 10, 1934.

Carmichael & Tiller, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

GARDNER, Justice.

The suit is by appellant against appellee on a judgment procured in the state of Illinois. The cause is here argued by appellant, acquiesced in by appellee, upon the assumption that the notes forming the basis of the judgment were dated and made payable in Chicago, Ill.; though actually executed in Alabama. And, so considered, appellant insists that as to the matter of jurisdiction the rule of the place of performance governs, and that as the notes were payable in Illinois, the law of that state controls, citing Poole v. Perkins, 126 Va. 331, 101 S. E. 240, 18 A. L. R. 1509; Egley v. T. B. Bennett & Co., 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436, and notes; Hawley v. Bibb, 69 Ala. 52; Hanrick v. Andrews, 9 Port. 9; Gilman v. Jones et al., 87 Ala. 691, 5 So. 785, 7 So. 48, 4 L. R. A. 113; Southern Express Co. v. Gibbs, 155 Ala. 303, 46 So. 465, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24; Union National Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep.

614; 3 R. C. L. 1137; 5 R. C. L. 964; 8 C. J. 92.

But there is no reference in the complaint, the sufficiency of which is here presented for review, as to any place of payment of the notes. Nor is there any indication that as to the matter of the obligation represented by the notes the law of Illinois is in any manner in conflict with the law of Alabama.

So far, therefore, as concerned such obligations and their validity no question is here presented, and this phase of the case may be put to 'one side and undetermined. We think, however, that it may be properly assumed, construing the complaint most strongly against the plaintiff, that the instruments sued upon in Illinois were in fact executed in Alabama, and, as previously noted, the argument of counsel for the respective parties proceeds upon such assumption. The notes contained not only the promise to pay, but also a provision, anticipating default in payment, known as a warrant of attorney, authorizing any attorney of any court of record to appear for the maker in such court in term time or vacation "at any time hereafter," and confess judgment without process in favor of the holder of the note. This warrant of attorney looks to the future enforcement only, relates to the matter of remedy, and in legal effect is separate and distinct from the obligation to pay. The place of payment, therefore, of the notes is here immaterial.

That such a provision is one relating to the matter of remedy was expressly held in Farquhar & Co. v. Dehaven et al., 70 W. Va. 738, 75 S. E. 65, 40 L. R. A. (N. S.) 956, Ann. Cas. 1914A, 640, and the conclusion that it is in law separable from the obligation to pay is sustained by the cases in this jurisdiction of Sales-Davis Co. v. Henderson-Boyd Lumber Co., 193 Ala. 166, 69 So. 527, and Coston-Riles Lumber Co. v. Alabama Machinery & Supply Co., 209 Ala. 151, 95 So. 577.

The judgment obtained in Illinois was without process or notice or appearance, except by attorney under this power, and we are here concerned therefore with only this feature of the note, considered separate and apart from the obligation to pay, not necessarily here involved.

Appellant insists that as under the law of Illinois judgments by confession rendered by virtue solely of such a warrant of attorney are valid, that the judgment is, under the full faith and credit clause of our Federal Constitution (article 4, § 1), to be here given full effect and held of binding force, notwithstanding the statute (section 8047, Code 1923)

of this state, and the following, among other authorities, are noted: Egley v. T. B. Bennett & Co., 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436; Armstrong v. Minkus, 93 Miss. 621, 47 So. 467; Hieston v. National City Bank, 51 App. D. C. 394, 280 F. 525, 24 A. L. R. 1434; Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Cuykendall v. Doe, 129 Iowa, 453, 105 N. W. 698, 3 L. R. A. (N. S.) 449, 113 Am. St. Rep. 472; Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am. St. Rep. 894; 15 R. C. L. 663 and 939; 12 C. J. 439; International Harvester Co. v. McAdam, 142 Wis. 114, 124 N. W. 1042, 26 L. R. A. (N. S.) 774, 20 Ann. Cas. 614; section 5681, Code 1923; Personal Finance Co. v. Gibson (Ala. App.) 152 So. 462, 463; Kenney v. Supreme Lodge of the World, Loyal Order of Moose, 252 U. S. 411, 40 S. Ct. 371, 64 L. Ed. 638, 10 A. L. R. 716; Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039.

■ There are many very respectable authorities to the effect that such confessed judgments, based upon such power of attorney, as here involved, were ineffective and void irrespective of any statute so declaring. These courts very plausibly reasoned that it was against the policy of the law to thus place a debtor in the absolute power of his creditor, and that the field for fraud and oppression was thereby too far enlarged. The Missouri court declared that: "Such agreements are iniquitous to the uttermost, and should be promptly condemned by the courts, until such time as they may receive express statutory recognition, as they have in some states." First Nat. Bank of Kansas City v. White, 220 Mo. 717, 120 S. W. 36, 42, 132 Am. St. Rep. 612, 16 Ann. Cas. 889. See, also, Farquhar & Co. v. Dehaven, 70 W. Va. 738, 75 S. E. 65, 40 L. R. A. (N. S.) 956, Ann. Cas. 1914A, 640, and authorities cited in note.

This court, however, in Hutchinson v. Palmer, 147 Ala. 517, 40 So. 339, following the weight of authority, held such judgments valid. But our present statute (section 8047, Code 1923), evidently enacted to meet this decision, and to place this state in harmony with the theory of public policy above referred to, condemns all such agreements for confession of judgments as void, and in Jemison v. Freed, 161 Ala. 598, 50 So. 52, the court in making reference to the statute said: "Such powers are now void." Sales-Davis Co. v. Henderson-Boyd Lumber Co., supra. In Egley v. T. B. Bennett & Co., 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436, cited by appellant, the court was careful to point out that in that state there was no statute or pos-

·itive law prohibiting the making of such contracts or that declare them void, which serves as a mark of distinction between that case and the one here considered.

Clearly, therefore, under this statute no court would in this jurisdiction render a judgment on such a void agreement, or if so rendered and judgment disclosed upon its face, as does the judgment here sued upon, that it was rested upon this character of agreement, we think it equally clear the judgment would be void and so considered by the court.

The concluding provision of this statute for the annulment of the judgment, within six months after its rendition, has a useful field for operation in those instances where the judgment may be so obtained, though it appears regular and does not disclose upon its face it was rendered in violation of the statute.

Conceding therefore the execution of the note in this state, the provision for the confession of judgment was void and wholly ineffective.

The case of Acme Food Co. v. Kirsch, 166 Mich. 433, 131 N. W. 1123, 1124, 38 L. R. A. (N. S.) 814, is much in point. There, as here, such agreements were illegal, and the court applied the general rule that an illegal agreement where made, if not within any recognized exception, is illegal everywhere, quoting the following excerpt from 9 Cyc. 672: "The validity of the contract—that is, the question whether the contract is a legal or illegal one —is judged by the law on the subject in the state or country in which the contract is entered into; the general rule being that a ·contract good where made is good everywhere, and a contract invalid where made is invalid everywhere."

■■ The agreement here involved, incorporated in the note, had no reference to any particular jurisdiction. It was broad in its scope and embraced any court of record in Alabama, as well as any such court in the civilized world. It was void under the statute law of this state, and being void where entered into, it was void everywhere, and of ·consequence could not be relied upon to give jurisdiction to the Illinois court. The following from the Acme Food Co. Case, supra, is applicable here: "We are dealing in the instant case with a warrant of attorney to confess judgment which is absolutely void in this state, and it so appears upon transcript of the judgment upon which this suit is brought. We conclude that, as a matter of law, the judgment sued upon was void upon its face,

because founded upon a void warrant of attorney. To hold otherwise would be to hold against the letter and spirit of the statute invoked, and the decision of this court. * * * It would operate to nullify this statute and bring about a condition which this statute was intended to avoid, and would be contrary to public policy."

It is of course well understood that the constitutional provision that full faith and credit shall be given in each state to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which the judgment is rendered over the subject-matter, or the parties affected by it, or into the facts necessary to give such jurisdiction. Thormann v. Frame, 176 U. S. 350, 20 S. Ct. 446, 44 L. Ed. 500; Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U. S. 287, 11 S. Ct. 92, 34 L. Ed. 670; Helton v. Turner, ante, p. 403, 153 So. 866.

The warrant of attorney, upon which the Illinois court acted, was the only foundation for any pretense that defendant was a party to the cause or had a "day in court," and if such power was void the jurisdiction was destroyed. But there are still other considerations, resting upon federal authorities, which, we think, lead to a like result.

True it is not in every instance that a contract made elsewhere will be denied enforcement in this state solely for the reason it is against public policy, as here recognized. Personal Finance Co. v. Gibson (Ala. App.) 152 So. 462; Haase v. First National Bank, 203 Ala. 624; Kenney v. Supreme Lodge of the World, Loyal Order of Moose, 252 U. S. 411, 40 S. Ct. 371, 64 L. Ed. 638, 10 A. L. R. 716; Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039; Hieston v. Nat. City Bank, 51 App. D. C. 394, 280 F. 525, 24 A. L. R. 1434.

But there is force in the expression in Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U. S. 287, 11 S. Ct. 92, 34 L. Ed. 670, to the effect that it is not always obligatory, either on the ground of comity or duty, that one state give effect to the judgment of another, when to do so would result in having its own law overridden. It is readily conceded that the facts in the Radcliffe Case, supra, are materially different, and the actual decision upon the matter of jurisdiction rested upon the principle of a strict construction of the warrant of attorney. And it cannot be relied upon as sustaining the court below, though the reasoning and expressions contained in the opinion are of force in view of other decisions of that court.

In Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 540, 50 L. Ed. 867, 5 Ann. Cas. 1, reference is made to Turner v. Turner, 44 Ala. 437, wherein this court said : "It is the duty of the state to protect its own citizens, within its own borders. This is the natural compensation for allegiance. This high duty extends to all the pecuniary rights of the citizens, as well as to the rights of security of person. * * * No obligation of comity is paramount to this duty."

And in Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 S. Ct. 1370, 1375, 32 L. Ed. 239, where the United States Supreme Court declined to enforce a judgment recovered by the state of Wisconsin in its own courts against a corporation for a pecuniary penalty based upon a violation of its municipal law, the court, speaking of a judgment, to which it is urged full faith and credit should be accorded under the Constitution, said:

" 'The constitution did not mean to confer any new power upon the states, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of other states domestic judgments to all intents and purposes, but only gave a general validity, faith, and credit to them as evidence. No execution can issue upon such judgments without a new suit in the tribunals of other states. And they enjoy not the right of priority or lien which they have in the state where they are pronounced, but that only which the lex fori gives to them by its own laws in their character of foreign judgments.' Story, Confl. Law, § 609 ; Thompson v. Whitman, 18 Wall. 457, 462, 463 [21 L. Ed. 897].

"A judgment recovered in one state, as was said by Mr. Justice Wayne, delivering an earlier judgment of this court, 'does not carry with it, into another state, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there ; and can only be executed in the latter as its laws may permit.' McElmoyle v. Cohen, 13 Pet. 312, 325 [10 L. Ed. 177].

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

And in Anglo-American Prov. Co. v. Davis Prov. Co., 191 U. S. 373, 24 S. Ct. 92, 93, 48 L. Ed. 225, it was held that a state may, consistently with article 4, section 1, of the United States Constitution, deny jurisdiction to the courts of the state over suits by a corporation of another state against a corporation of another state on a foreign judgment, pointing out that this provision of the Constitution establishes a rule of evidence rather than of jurisdiction. The opinion proceeds: "The Constitution does not require the state of New York to give jurisdiction to the supreme court against its will. If the plaintiff can find a court into which it has a right to come, then the effect of the judgment is fixed by the Constitution and the act in pursuance of it which Congress has passed. * * * But the Constitution does not require the state to provide such a court."

These authorities are noted, and left undisturbed in Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039. We think them pertinent here.

Our statute expressly condemns such a warrant of attorney for confession of judgments, and demonstrates that the courts of this state are not open for judgments based thereon, and no such jurisdiction will be entertained. We provide no courts for the enforcement of a judgment based upon such agreements, and these authorities sustain the view that the full faith and credit clause of the Constitution does not require this state to give to the trial courts a jurisdiction against its will.

The enforcement of this judgment is a matter relating to the remedy as to which the general rule lex fori governs. 5 R. C. L. 1042.

We construe our statute as denying jurisdiction to a suit based upon such a void agreement or to a judgment founded thereon, and the authorities noted hold that the full faith and credit clause of the Constitution does not require the state to provide such jurisdiction.

Upon these considerations as well as those first herein discussed, we are persuaded the trial court committed no error, and that the judgment should accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.