199 So. 246

**OHIO BUREAU OF CREDITS, Inc., v. STEINBERG.**

**3 Div. 830.**

Court of Appeals of Alabama.

Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

Herbert S. Rice of Montgomery, for appellant.

518

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

It appears from the record in this case that Ohio Bureau of Credits, Inc., a corporation, the assignee of a negotiable promissory note, made by A. D. Steinberg, at Millersburg, Ohio, to The Farmers & Merchants Bank Co. of Millersburg, Ohio, on May 11, 1931, and payable on demand, brought suit on said note in the Municipal Court of Columbus, Franklin County, Ohio, a court of record and of general jurisdiction, on July 20, 1939, against A. D. Steinberg, the maker of said note.

The note in question contained a warrant of attorney under the provisions of which any attorney of any court of record in the State of Ohio was authorized to appear in any court of record of that State, with or without process, at the suit of The Farmers & Merchants Bank Co., or the legal holder of said note, at any time after the same became due, and waive the issuance and service of process and confess judgment on said note, in favor of the legal holder thereof for the amount due thereon, and costs of suit, and waive previous notice to the maker of said note, etc.

On July 20, 1939, Jeannette Critchlow, an attorney at law, practicing law before the Municipal Court of Columbus, Franklin County, Ohio, appeared as attorney for A. D. Steinberg, the defendant in said court, under said warrant of attorney, which was authorized and legal under the laws of the State of Ohio, and confessed judgment in said suit on said note in favor of Ohio Bureau of Credits, Inc., the plaintiff, and against A. D. Steinberg, the defendant, for the sum of $561.10, the amount of principal and interest due on said note, and for costs, etc., and upon which said confession, under said warrant of attorney, the final judgment of the Municipal Court of Columbus, Franklin County, Ohio, was pronounced and entered in favor of said Ohio Bureau of Credits, Inc., a corporation and against said A. D. Steinberg for the sum of $561.10, and costs of court.

On August 22, 1939, said Ohio Bureau of Credits, Inc., a corporation, brought its suit in the Circuit Court of Montgomery County, Alabama, against the said A. D. Steinberg, then a resident of Montgomery County, Alabama, on the above mentioned judgment of the Municipal Court of Columbus, Franklin County, Ohio, for said sum of $561.10 (plaintiff's complaint appears in the report of this case).

The trial court sustained defendant's demurrer to plaintiff's complaint, and thereupon the plaintiff took a non-suit, but reserving the right to have this court review the judgment of the trial court upon the pleadings in the case, and accordingly said Ohio Bureau of Credits, Inc., a corporation, as appellant brings its appeal to this court, and assigns as error the judgment of the trial court sustaining defendant's demurrer to plaintiff's complaint, and also the action of the trial court in rendering judgment in favor of the defendant and in holding that the judgment sued upon was not enforceable in the courts of Alabama.

It is the insistence of appellant that the trial court, by its rulings, has violated the full faith and credit clause of the Constitution of the United States, to the prejudice of the appellant, in sustaining defendant's demurrer to plaintiff's complaint and in rendering judgment for the defendant. It is the insistence of the appellee that the trial court did not err in sustaining the demurrer to the complaint, and did not err in rendering a judgment in favor of the defendant, but was fully justified in each instance under the authority of Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 155 So. 74, and appellee insists that the sole question involved upon this appeal is, "Will this court overrule said case."

This court is cognizant of the provisions of Section 7318 of the Code 1923, to the effect that the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, but it is the opinion and judgment of this court that the question presented by the appeal in the case at bar is to be differentiated from the question decided and determined by the Supreme Court in Monarch Refrigerating Co. v. Faulk, supra, for reasons which are hereinafter expressed.

The question for decision by this court upon this appeal is whether the Circuit Court of Montgomery County, Alabama, by sustaining the defendant's demurrer to plaintiff's complaint, and by denying to plaintiff a recovery upon its judgment obtained in the Municipal Court of Columbus, Franklin County, of the State of Ohio, has failed to accord to the Ohio judgment the full faith and credit which Art. IV, Sec. 1, of the Constitution of the United States, commands.

Under the provisions of Revised Statutes of the United States, Section 905, 28 U.S.C. A. § 687, enacted under the full faith and credit clause, Art. IV, Section 1, of the Constitution of the United States, the duly attested record of the judgment of a State court is entitled to such faith and credit in every court within the United States as by law or usage it had in the State from which it is taken. Said constitutional provision was declared by the Supreme Court of the United States in the case of Hampton v. McConnel, 3 Wheat. 234, 4 L.Ed. 378 (opinion by Chief Justice Marshall) to mean—"that the judgment of a state court should have the same credit, validity and effect, in every other court in the United States, which it had in the state where it

was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States." This construction of said constitutional provision has never in reality been departed from by the Supreme Court of the United States although there are expressions by way of dictum in some of the cases from that high court which might indicate the contrary, as is pointed out in the case of Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039, which case it is declared in the minority opinion had the effect of overruling the cases of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct 1370, 32 L.Ed. 239; Anglo-American Prov. Co. v. Davis Prov. Co., 191 U.S. 373, 24 S.Ct. 92, 48 L.Ed. 225, which are cited and quoted in the case of Monarch Refrigerating Co. v. Faulk, supra. However this may be, the Supreme Court of the United States in the late case of Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 562, 83 L.Ed. 653, where attack was made upon a court judgment from the State of New York in a State court of the State of Ohio upon the ground of fraud, the doctrine declared by Chief Justice Marshall in the case of Hampton v. McConnel, supra, was again followed with approval, as shown by the following quoted excerpt from said opinion:

"It is the judgment and not the cause of action which gave rise to it for which credit is claimed, and the constitutional mandate requires credit to be given to a money judgment rendered on a civil cause of action in another state, even though the forum would have been under no duty to entertain the suit on which the judgment was founded. Christmas v. Russell, 5 Wall. 290, 18 L.Ed. 475; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141; Milwaukee County v. [M. E.] White Co., supra [296 U.S. 268, 270], 277, 56 S.Ct. [229] 234, [80 L.Ed. 220, 228].

"The Ohio court is not free to withhold from petitioner, the record owner of the judgment valid and enforceable by him in New York, the full benefit of the constitutional command that the judgment shall receive in the courts of Ohio such faith and credit as it is entitled to receive in New York. A state which may not constitutionally refuse to open its courts to a suit on a judgment of another state because of the nature of the cause of action merged in the judgment, Kenney v. Supreme Lodge [L.O.M.], supra [252 U.S. 411], 415, 40 S. Ct. [371], 372, [64 L.Ed. 638, 640, 10 A.L.R. 716], *obviously cannot, by the adoption of a particular rule of liability or of procedure, exclude from its courts a suit on the* judgment."

As stated, appellant, as plaintiff, brought its suit in the court below upon a judgment obtained by it in the Municipal Court of Columbus, Franklin County, Ohio. It is averred in the complaint, filed by plaintiff, that the Municipal Court of Columbus, Franklin County, Ohio, had jurisdiction of the subject matter, viz., a suit on a promissory note, made in the State of Ohio and payable in the State of Ohio. It is further averred in the complaint that the note sued on contained a warrant of attorney which authorized any attorney practicing before said Municipal Court of Columbus, Franklin County, Ohio, to appear in that court for and in behalf of the maker of the note, and then and there to waive the issuance of process and to confess judgment on said note against the maker thereof in favor of the legal holder of said note, shown to be Ohio Bureau of Credits, Inc., a corporation, the plaintiff in said suit. The averment of the complaint is that this power of attorney was lawful and binding under the laws of the State of Ohio, where said note was executed and where original suit thereon was brought. The statute law of the State of Ohio authorized the making of said power of attorney, General Code of Laws of Ohio, Sections 11594 to 11597, inclusive. It is further averred in the complaint that an attorney at law, Jeannette Critchlow, who practiced before said Municipal Court of Columbus, Franklin County, Ohio, appeared in said court as the attorney for the maker of said note, A. D. Steinberg, the defendant to said suit and waived the issuance of service of process in the action and confessed a judgment on said note against A. D. Steinberg, said defendant, and in favor of the Ohio Bureau of Credits, Inc., a corporation, the plaintiff, for the sum of $561.10, and costs of court. The judgment of the trial court in the State of Ohio was pronounced and entered in favor of Ohio Bureau of Credits, Inc., a corporation, the plaintiff, and against A. D. Steinberg, the defendant for the sum of $561.10 and court costs. That judgment was the legal, valid and binding judgment of a court of competent jurisdiction in the State of Ohio in favor of said plaintiff and

against said defendant. General Code of Ohio, Sections 11594 to 11597, inclusive. Swisher v. Orrison Cigar Co., 122 Ohio St. 195, 171 N.E. 92; McAllister v. Schlemmer & Graber Co., 39 Ohio App. 434, 177 N.E. 841; Risman v. Krupar et al., 45 Ohio App. 29, 186 N.E. 830; Dayton Morris Plan Bank v. Graham, 47 Ohio App. 310, 191 N. E. 817.

Ohio Bureau of Credits, Inc., a corporation, brought suit upon its said judgment, legal, valid and binding upon the parties in the State of Ohio, in the Circuit Court of Montgomery County, Alabama, against said defendant Steinberg. Plaintiff's cause of action is fully stated in its complaint, filed in said court. The defendant demurred to said complaint alleging as grounds of demurrer that no cause of action is stated in the complaint against the defendant; that the judgment sued on is void and of no effect; that the judgment sued on is illegal and void as against the defendant; that the complaint shows that the judgment sued upon was obtained without personal service on the defendant, and that the complaint fails to show that the confession of judgment in the Ohio court by the attorney, Jeannette Critchlow, was authorized by the defendant.

The defendant's demurrer to the complaint appears, or is claimed, to be founded upon the prohibitions of Section 8047, Code of Alabama 1923, which declares that: "All agreements, contracts, or stipulations to confess judgments in any of the courts of this state * * * or to authorize another to confess judgment in any of the courts of this state made before the commencement of the suit in which such judgments are so confessed, shall be void, and all judgments by such unlawful confession, or otherwise taken or had in violation of this section shall be set aside and annulled on motion, if made within six months after the rendition of such judgment." This section of the Code received consideration by the Supreme Court in the case of Monarch Refrigerating Co. v. Faulk, supra, by which the appellee claims, and we think erroneously, the judgment of the court below sustaining the demurrers to the complaint, and also the judgment in favor of defendant must be affirmed.

The Monarch Refrigerating Co. case, supra, is one where a suit was brought in a court of the State of Illinois upon certain promissory notes, actually executed in the State of Alabama, though payable in the State of Illinois, and each of which contained a warrant of attorney, authorizing any attorney of any court of record to appear for the maker in such court, in term time or in vacation, at any time after the making of said note, or notes, and confess judgment, without process, in favor of the holder of note or notes. A judgment was obtained in the Illinois court, and this without any process or notice or appearance, except under the warrant of attorney contained in each of said notes. The Monarch Refrigerating Company brought its suit upon the judgment obtained by it in the Illinois court in the circuit court of Geneva County, Alabama, against Faulk, the maker of said notes, where it was forced to take a non suit. From the judgment of non suit said Monarch Refrigerating Co. took an appeal to the Supreme Court of Alabama, where it was held that the warrant of attorney contained in said notes was void because said notes were actually executed in Alabama, where the Statute of said State declared that all agreements, contracts or stipulations, as provided in the warrant of attorney are, or shall be void; that said warrant of attorney being void under the Statute law of this State, where the agreement was entered into, it was void everywhere and could not be relied upon to give jurisdiction to the Illinois court and that the judgment of the Illinois court founded upon a jurisdiction alleged to have been acquired under a void warrant of attorney was likewise null and void. Our Supreme Court expressly declared and cited applicable authorities in support of the declaration, that: "It is of course well understood that the constitutional provision that full faith and credit shall be given in each State to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which the judgment is rendered over the subject-matter, or the parties affected by it, or into the facts necessary to give such jurisdiction." [228 Ala. 554, 155 So. 76.]

The appellee, however, insists that our Supreme Court further declared: "Our statute expressly condemns such a warrant of attorney for confession of judgments, and demonstrates that the courts of this state are not open for judgments based thereon, and no such jurisdiction will be entertained." This insistence of appellee is true. But what does the expression "such a warrant of attorney for confession of

522

judgments" mean as the same was used in the above quoted declaration? It means a warrant of attorney made in Alabama; a warrant of attorney prohibited by the Statute of Alabama. It is to a judgment based upon this illegal and void warrant of attorney that the courts of Alabama are not open, because, as was stated in the case of Titus v. Wallick, supra, 306 U.S. 282, 59 S.Ct. 557, 562, 83 L.Ed. 653: "A state which may not constitutionally refuse to open its courts to a suit on a judgment of another state because of the nature of the cause of action merged in the judgment * * * obviously cannot, by the adoption of a particular rule of liability or of procedure, exclude from its courts a suit on the judgment."

The attention of this court is further directed, by appellee, to the following construction of Section 8047 of the Code of Alabama 1923, by our Supreme Court in that case: "We construe our Statute as denying jurisdiction to a suit based upon such a void agreement or to a judgment founded thereon, and the authorities noted hold that the full faith and credit clause of the Constitution does not require the state to provide such jurisdiction."

It is necessary and essential to bear in mind that in declaring the above construction of our Statute, our Supreme Court was speaking with reference to a void warrant of attorney and with reference to a void judgment, to which Art. IV, Sec. 1, of the Constitution of the United States did not require the State of Alabama to give full faith and credit, for in this is the distinction between the case of Monarch Refrigerating Co. v. Faulk, supra, and the case at bar. There the warrant of attorney was void, because made and entered into in Alabama in violation of the Alabama Statute. Here, the warrant of attorney was and is legal and binding between the parties, because made and entered into in the State of Ohio, where the agreement was, and is, authorized by law. There the judgment of the Illinois court was void, because all the jurisdiction the Illinois Court ever obtained over the person of the defendant, if any, was obtained solely upon a void warrant of attorney. Here, the judgment of the Ohio court is legal and binding between the parties because based upon a legal and binding warrant of attorney, made and entered into in the State of Ohio. The Constitution of the United States did not require the State of Alabama to give full faith and credit to the judgment of the Illinois court, which was void ab initio. Here, the Constitution of the United States does require the State of Alabama to give full faith and credit to the judgment of the Ohio court, because that judgment is a valid and binding money judgment in favor of the plaintiff and against the defendant, for the enforcement of which the constitution and laws of the State of Alabama have provided a court, the circuit court of Montgomery County, in the jurisdiction of which the defendant resides, and from which plaintiff's suit on said judgment may not, constitutionally, be excluded.

From what has been said, we are of the opinion that the court below committed reversible error (1) in sustaining defendant's demurrer to plaintiff's complaint, and (2) in rendering a judgment in favor of the defendant. It follows, for the errors designated, the judgment of the lower court, from which this appeal was taken is reversed and remanded to said court for further action to be had in accordance with the views herein expressed.

Reversed and remanded.